228 A.2d 542.

YELLOW CAB COMPANY OF PROVIDENCE *vs.* PUBLIC UTILITY HEARING BOARD.

APRIL 14, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is an appeal by the Yellow Cab Company of Providence, hereinafter called the petitioner, from a decision of the public utility hearing board ordering the issuance of a certificate of public convenience and necessity to Walter O. DiSanto, hereinafter called the applicant,

which authorizes him to operate a taxicab within the city of Providence.

A hearing on the application for the instant certificate was held by the division of public utilities on March 12, 1964. A decision of the public utility administrator which granted the application and ordered the issuance of the necessary certificate was entered on May 17, 1965. The administrator is the officer charged with the initial responsibility of making such decisions and issuing such orders as are proper for the efficient administration of G. L. 1956, chap, 14 of title 39, the taxicab statute, so called.[1] The petitioner appealed this action to the public utility hearing board as provided by §39-5-9.[2] A hearing on this appeal was held on January 26, 1966, the hearing board denied the appeal and ordered the certificate to issue.

In prosecuting its appeal before us petitioner relies on the provisions of §39-5-14, which by its terms provides for a direct appeal to the supreme court by any party in interest aggrieved by an order of the hearing board. The successful applicant, however, challenges petitioner's standing before us. He points to our holding in *Yellow Cab Co.* v. *Public Util. Hearing Bd.*, 101 R. I. 296, 298, 222 A.2d 361, 362, wherein we stated that the legislature by enacting the administrative procedures act, so called, G. L. 1956, chap. 35 of title 42, had repealed by necessary implication §39-5-14

---

[1] "39-1-6. Decisions and orders of administrator.—The public utility administrator may in the first instance make such decisions and issue such orders as may to him seem proper in the administration of the provisions of chapters 1 to 9, inclusive, 12 to 14, inclusive, and 17 of this title, and under the provisions of such other laws as shall be from time to time assigned to his direction by the director of business regulation."

[2] "39-5-9. Right of appeal to hearing board.—Any person or persons aggrieved by a decision or order of the public utility administrator, other than a decision or order fixing any rate, toll, charge, joint rate and/or joint rates, shall have the right to appeal to the public utility hearing board by filing an appeal in writing with said board within seven (7) days from the service of the order or decision appealed from."

which in the past had permitted a direct appeal to this court. The applicant in effect contends that since the public utility hearing board is not one of those agencies expressly exempted from the provisions of the act by §42-35-18 thereof, petitioner should have adhered to the requirement of §42-35-15, as amended, and thereby have initiated a judicial review of the board's action in the superior court and not here. Accordingly, he says, we are without jurisdiction to hear and determine this appeal.

The petitioner acknowledges our previous ruling. It points, however, to P. L. 1965, chap. 193, sec. 6, and states that the general assembly, by enacting this specific provision subsequent to the effective date of the administrative procedures act, has reinstated the direct appeal from the board's action to this court. Section 6 reads as follows:

"Sec. 6. Section 39-14-13 in chapter 39-14 is hereby amended to read as follows:

"39-14-13. Appeals from division.—Any person, association or corporation, aggrieved by any act or order of the division of public utilities may appeal only in the manner set forth in chapter 39-5 entitled 'Appeals from administrator'."

Prior to the adoption of the 1965 amendment, §39-14-13 read as follows:

"39-14-13. Appeals from division.—Any person, association or corporation, aggrieved by any act or order of the division of public utilities made under the provisions of §§39-14-1 to 39-14-14, inclusive, may appeal to the supreme court in the same manner and with the same effect as any person, association or corporation may appeal from orders relating to street railway corporations and owners of jitneys."

It is quite apparent that in its original form §39-14-13 provided for a direct appeal to the supreme court and review by us of any act or order made by the public utility administrator in the discharge of his statutory duty to administer the various provisions of chap. 14 of title 39.

This appeal provision which in effect bypasses the public utility hearing board was first promulgated in 1930. In that year P. L. 1930, chap. 1552, was enacted. This legislation designated anyone who owned a taxicab as a common carrier and accordingly required that the operation of such a vehicle be regulated by what was the predecessor of the division of public utilities, to wit, the public utilities commission. The use of this direct appeal provision over the years has been most infrequent. In fact it became outmoded and fell into complete disuse with the adoption of the Administrative Act of 1939 (P. L. 1939, chap. 660). Section 124 of that act created the public utility hearing board and P. L. 1940, chap. 821, provided for a complete de novo hearing before this administrative tribunal on an appeal taken from a decision or order of the public utility administrator. These provisions are pertinent to the instant appeal because they are now substantially embodied in §§39-5-5, 39-5-9 and 39-5-10 which are the sections of the statute employed by petitioner.

An examination of all the provisions of P. L. 1965, chap. 193, shows that the entire act represents an attempt to bring up to date and modernize the supervision by the division of public utilities of those motor vehicles which are within the purview of chap. 14 of title 39. This legislation insures that the division can regulate a motor vehicle which holds more than seven passengers; originally a taxicab was defined as a motor vehicle for hire designed to carry seven persons or less. It acknowledges the shrinking power of the dollar by raising the fee for filing an application from $10 to $20. The registrar of motor vehicles is forbidden to register any of the regulated motor vehicles unless given proof that the owner possesses the necessary certificate of public convenience and necessity. Certain typographical errors in the 1956 compilation of the general laws are corrected so that the regulatory agency of chap. 14 of title 39

is properly identified in several places as the "division of public utilities" and not the "department of business regulation" as it is described in the General Laws.

It is eminently clear that P. L. 1965, chap. 193, sec. 6, concerns itself with an appeal from the action of the public utility administrator and not, as in the case before us, on appeal from the hearing board. We note that chap. 5 of title 39 is entitled "Appeals From Administrator." It is our opinion that sec. 6 was never intended to modify in the slightest the judicial review provisions of §42-35-15, as amended. By making sec. 6 a part of the law of this state, the general assembly insured that anyone aggrieved by the action of the public utility administrator would first exhaust his right to administrative review by appearing before the hearing board before he invoked the judicial review provisions of the administrative procedures act. Although the petitioner has exhausted its administrative remedies, it has not complied with §42-35-15, as amended, and is therefore not properly before us.

The appeal is denied and dismissed, and the records in the case are ordered sent back to the respondent board.

*Edward J. Plunkett, Leonard A. Kiernan, Jr.,* for petitioner.

*J. Joseph Nugent,* Attorney General.

*Joseph L. Breen,* Special Assistant Attorney General.

*Americo Campanella,* Attorney for Walter O. DiSanto, for respondent.