272 A.2d 326.

YELLOW CAB COMPANY OF PROVIDENCE *vs.* JOHN J. FERRI, JR. *et al.*

JANUARY 12, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is a petition for certiorari to review an order granting an application for a certificate to operate a taxicab in the City of Providence. The petitioner also sought, and was granted by us, a stay of the order in question. The writ was issued and pursuant thereto the pertinent records have been certified to this court.

When the case was reached for oral arguments here, the respondent Archie Smith, in his capacity as chairman of the Public Utilities Commission, filed a motion to dismiss on the ground that petitioner was seeking judicial review in the wrong forum. We believe there is merit to this motion and therefore shall confine our discussion of the facts to those pertinent to that motion.

On June 28, 1962, respondent John Ferri, Jr. filed an application addressed to the Public Utility Administrator of the State of Rhode Island asking for a certificate to operate a taxicab service in the City of Providence.

The application was heard on March 30, 1964, under the law then in effect, before George A. McLaughlin, then the deputy administrator of the Division of Public Utilities within the Department of Business Regulation. The

petitioner here, Yellow Cab Company of Providence, appeared at that hearing as an objector.

No decision or order was entered thereon until December 30, 1969, some five years and nine months after the hearing. On that date an order was entered granting the application, subject to a condition which is not relevant here. The order is signed by George A. McLaughlin, in his present capacity as Deputy Public Utility Administrator. The order is also signed by Archie Smith, the Public Utility Administrator, with a notation that he has approved the order. The order also contains thereon a facsimile of the seal of the Division of Public Utilities. The respondent, Archie Smith, is the chairman of the Public Utilities Commission as constituted under G. L. 1956 (1969 Reenactment) §39-1-3 (as enacted by P. L. 1969, chap. 240, sec. 1).[1]

The petitioner thereafter filed the instant petition for certiorari pursuant to the provisions of §39-5-1 (1969 Re-

---

[1]Section 39-1-3 reads as follows:

"Composition of division—Commission.—Within the department of business regulation there shall be a division of public utilities and carriers. To implement the legislative policy set forth in §39-1-1 and to serve as the agency of the state in effectuating the legislative purpose, there is hereby established within the department of business regulation a public utilities commission which shall function as a unit independent of the director of the department of business regulation and not subject to his jurisdiction. By virtue of his office, the chairman of the public utilities commission shall be the public utilities administrator who shall supervise and direct the execution of all laws relating to public utilities and carriers and all regulations and orders of the commission governing the conduct and charges of public utilities and carriers, and who shall perform such other duties and have such other powers as are hereinafter set forth."

enactment) as enacted by P. L. 1969, chap. 240, sec. 8,[2] challenging the legality of the December 30, 1969 order on several grounds. However, since we conclude this petition is not properly before us, we are not called upon to decide the merits of petitioner's case. Instead we address ourselves to the motion to dismiss filed by respondent Archie Smith, in his capacity as chairman of the Public Utilities Commission.

During the period between June 28, 1962, when the instant application was filed, March 30, 1964, when it was heard, and December 30, 1969, when the order was entered, the law governing public utilities was changed.

At the time this application was filed and heard, §39-5-9, the statute then in effect provided that "Any person or persons aggrieved by a decision or order of the public utility administrator * * * shall have the right to appeal to the public utility hearing board * * *." After January 1, 1964, judicial review of an adverse decision by the Public Utility Hearing Board was, under §42-35-15 of the Administrative Procedures Act, by way of appeal to the Superior Court. *Rhode Island Consumers' Council* v. *Public Utilities Commission,* 107 R. I. 284, 293, 267 A.2d 404, 409; *Yellow Cab Company* v. *Public Utility Hearing Board,* 102 R. I. 100, 228 A.2d 542; *Yellow Cab Company* v. *Public Utility Hearing Board,* 101 R. I. 296, 222 A.2d 361.

---

[2]Section 39-5-1 reads as follows:

"Judicial review.—Any person aggrieved by a decision or order of the commission may, within seven (7) days from the date of such decision or order, petition the supreme court for a writ of certiorari to review the legality and reasonableness of said decision or order. The petition for a writ of certiorari shall fully set forth the specific reasons for which it is claimed that the decision or order is unlawful or unreasonable. Chapter 35 of title 42 shall not be applicable to appeals from the commission. The procedure established by this chapter shall constitute the exclusive remedy for persons and companies aggrieved by any order or judgment of the commission."

Basic changes were made in the law by the enactment of P. L. 1969, chap. 240, which became effective May 16, 1969. As we recently pointed out in *Rhode Island Consumers' Council v. Public Utilities Commission, supra,* at 287, 267 A.2d at 406:

> "This act, *inter alia,* amended title 39, chapter 1 of G. L. 1956, so as to create a public utilities commission consisting of three members, which commission was made jurisdictionally independent of the Department of Business Regulation within which public utilities had previously been a division. Further, prior to the reorganization effected by P. L. 1969, chap. 240, the Division of Public Utilities consisted of an administrator from whose decisions and orders appeals were taken to the Public Utility Hearing Board * * * which board was also an agency of the Department of Business Regulation. Said P. L. 1969, chap. 240, sec. 8, provides for appeals from the newly created Public Utilities Commission, thereby implicitly repealing §39-5-9 * * *."

In the case at bar, no decision or order was entered by the Public Utility Administrator until after May 16, 1969, the effective date of the new act. The parties in this proceeding seem to be in disagreement as to which statute was followed. The petitioner argues that the order was entered under the new statute but that it is invalid, because it was not made in compliance with the requirements of the new statute. The respondent, John J. Ferri, Jr., on the other hand, argues that the procedure followed and the method of entering the decision were in conformity with §39-1-12 of the statute in force when this application was filed and when the matter was heard; he concludes that the decision was valid.

The position of respondent Archie Smith is that the decision was rendered under the old act. In his motion to dismiss he alleges that the decision appealed from was rendered by George A. McLaughlin, Deputy Administra-

tor of the Division of Public Utilities; that judicial review of contested cases determined by the Division of Public Utilities is governed by §42-35-15, which provides for review by the Superior Court; and that only decisions of the Public Utilities Commission under P. L. 1969, chap. 240, sec. 8 (now §39-5-1 [1969 Reenactment]), may be reviewed directly by petition to this court. Respondent cites *Rhode Island Consumers' Council, supra,* in support of his motion.

In *Rhode Island Consumers' Council,* we held that where an appeal to the Public Utility Hearing Board was pending at the time the board was abolished by the new statute, the effect of the statute was to eliminate the intervening forum of the Public Utility Hearing Board, and the pending appeal was reviewable in the Superior Court by the party adversely affected thereby, 107 R. I. at 294, 267 A.2d at 409. Just as no provision was expressly made by the Legislature for prosecution of appeals pending before the Public Utility Hearing Board under the old act, see *Rhode Island Consumers' Council, supra,* at 294, 267 A.2d at 409, likewise no provision has been expressly made by the Legislature for the prosecution of appeals in cases where applications have been filed and heard prior to the effective date of the new act, but have not been decided until after such date. In the circumstances at bar we believe that the reasoning of the court in *Rhode Island Consumers' Council* is applicable here, and that the petitioner should seek judicial review in the Superior Court under the provisions of the Administrative Procedures Act, §42-35-15.

We therefore hold that all cases pending in the Division of Public Utilities and Carriers prior to May 16, 1969, the effective date of P. L. 1969, chap. 240, are governed by our decision in *Rhode Island Consumers' Council, supra,* and that the provisions of P. L. 1969, chap. 240, sec. 8

(now §39-5-1), providing for judicial review by petition for certiorari to this court, shall apply only to cases where the applications for the required certificates are filed after May 16, 1969.

We hope that the foregoing guidelines will help to clear up the uncertainty which apparently has resulted by the enactment of the new act and will thus help to expedite the processing of appeals from matters pending in the Division of Public Utilities and Carriers.

Accordingly, we treat the instant petition as an appeal to the Superior Court and the records in this case are hereby transmitted to that court for the hearing of the petitioner's appeal in accordance with the provisions of the Administrative Procedures Act. The stay heretofore entered is vacated without prejudice.

*Friedman, Kramer & Kessler, Stephen A. Gordon,* for petitioner.

*Angelo Cianciarulo, Haig Barsamian,* for John J. Ferri, Jr.; *John H. Hines, Jr.,* for Public Utilities Commission; *Archie Smith,* Chairman, Public Utilities Commission, for respondents.