FRANK CATALDO *et ux. vs.* CHESTER PONO.

JUNE 12, 1959.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

POWERS, J. This petition for a trial was brought, pursuant to general laws 1956, §9-21-4, more than one year after entry of a judgment by default in an action at law brought in the superior court by the plaintiff, the respondent here, against the defendants, the petitioners here. The section on which petitioners rely provides: "A party or garnishee in any action or proceeding in the superior court or in any district court wherein no trial has been had, against whom a judgment has been rendered on nonsuit, default, or report of referees, by reason of accident, mistake, or unforeseen cause, may, within one (1) year after such judgment, petition the supreme court for a trial * * *."

The petition recites that the plaintiff caused to be issued a writ of attachment dated November 9, 1956 and returnable December 1, 1956; that by order of the court the return date was extended to January 2, 1957; and that the plaintiff was authorized to serve the defendants by certified mail, with return receipt requested. It further appears that this notice was addressed to the wrong Frank Cataldo and the return receipt bears the signature of another Frank Cataldo. The case was not answered and judgment by default was entered for the plaintiff on February 15, 1957.

The petitioners here allege that the misdirection of the certified letter constitutes an accident or mistake within the meaning of §9-21-4, and they attached an affidavit al-

242

leging a meritorious defense. They further allege that they had no notice of the suit until June 1958, some sixteen months after the entry of judgment. The petitioners pray that this court vacate the judgment and order a trial in the superior court so that they may have their day in court.

From the allegations in the petition there appears to be some question as to whether or not the judgment complained of runs against these petitioners. Assuming that it does, such judgment was entered more than one year prior to the filing of this petition. The petitioners urge, however, that this court should construe the language of §9-21-4 so that a petition like the instant one can be brought within one year after knowledge of the entry of judgment rather than from the date the judgment was entered. We are not so persuaded.

The language of the statute is clear and unambiguous. It does not lend itself to alternative interpretation. The statute is explicit, and this court has repeatedly held that where there can be no doubt or misunderstanding as to its meaning the statute will be interpreted literally. *Berard* v. *Blais,* 56 R. I. 431; *Weimar* v. *Newman,* 78 R. I. 221; *United Transit Co.* v. *Hawksley,* 86 R. I. 53, 133 A.2d 132.

For the reasons stated, the petition is denied and dismissed.

*John Quattrocchi, Jr.,* for petitioners.

*Aram K. Berberian,* for respondent.