319 A.2d 16.

JOSEPH V. ANDREOZZI *vs.* FRANK D'ANTUONO *d/b/a*
IDEAL MARKET.

MAY 7, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is an original petition for compensation benefits in which the petitioner alleges he sustained a compensable injury on or about February 15, 1971 while employed by the respondent. The trial commissioner dismissed the petition. The case is before us on the petitioner's appeal from the decree of the full commission affirming the decree entered by the trial commissioner.

At the hearing before the trial commissioner, petitioner testified that he injured his back and right leg on Monday, February 15, 1971 while employed by respondent as a grocery clerk, and that his injury required medical attention and resulted in his becoming incapacitated for work. It is undisputed that petitioner was employed by respondent in February 1971. It also appears from the medical evidence that petitioner did in fact sustain an injury to his back and right leg.

The respondent denied that petitioner was injured while working for him. He testified that petitioner did not report to work on the day petitioner claimed he was injured. However, on cross-examination respondent testified that he paid medical bills to two doctors who had treated petitioner for the injuries allegedly sustained while petitioner was working for respondent. These medical bills were for medical services furnished some two months after petitioner sustained the injury to his lower back.

The trial commissioner found that petitioner had failed to prove by a fair preponderance of the evidence that his injuries arose out of his employment with respondent. Without expressly considering respondent's testimony with respect to his payment of the medical bills, he denied and dismissed the petition.

One of the grounds relied on by petitioner in his reasons of appeal is that the decree entered by the trial commissioner is against the law because, under G. L. 1956 (1968 Reenactment) §28-35-9,[1] payment of the medical bills by respondent was an admission of liability.

---

[1]Section 28-35-9 reads as follows:

"Payment of compensation without agreement.—In the event that an employer or insurer makes payment of compensation to an employee without executing a memorandum of agreement such payment shall constitute an admission that the employee is entitled to compensation

The full commission held that the mere payment of medical bills by respondent did not amount to a payment of compensation under §28-35-9 and was not therefore an admission of liability under the Act. It then affirmed the trial commissioner's finding that petitioner had failed to prove by a fair preponderance of the evidence that his injuries arose out of his employment with respondent.

The narrow question raised by this appeal is whether the payment of medical bills by respondent without execution of a memorandum of agreement is the payment of "compensation" within the meaning of §28-35-9 and thus an admission that petitioner is entitled to compensation benefits under the Workmen's Compensation Act. The answer to this question is "Yes" and therefore we reverse.

Section 28-35-9 in pertinent part provides that if

> "* * * an employer or insurer makes payment of compensation to an employee without executing a memorandum of agreement such payment shall constitute an admission that the employee is entitled to compensation under the provisions * * *" of the Act.

The determination of this question depends completely upon the meaning of the word "compensation" as used in §28-35-9. The question of whether or not payment of medical services is compensation has been before this court in recent years in two cases. In *Brothers* v. *Cassedy, Inc.*, 101 R. I. 307, 222 A.2d 363 (1966), the question was discussed but not decided.

Later, in *Thompson* v. *Coats & Clark, Inc.*, 105 R. I. 214, 251 A.2d 403 (1969), we were presented with the same issue raised here, but in a different context. There the issue was whether the payment of medical bills could be considered as a payment of compensation under §28-35-45,

---

under the provisions of chapters 29 to 38, inclusive, of this title and such employer or insurer shall not be entitled to any credit for such payment if the employee is awarded compensation in accordance with the provisions of said chapters."

which provided that the commission could review any agreement or decree within ten years after the cessation of compensation payments. If the medical payments were compensation within the meaning of §28-35-45, then the employee's action would not be barred by the ten-year limitation. In *Thompson* the employer had accepted liability for the payment of compensation benefits and had entered into a written agreement with the employee under the Act. In that case we held that

> "* * * the general assembly, cognizant of the remedial purposes of the workmen's compensation act, employed the word 'compensation' as the same is used in §28-35-45 to include payments for medical services and charges as well as hospitalization and medicines."[2] *Id.* at 224-25, 251 A.2d at 409.

We come now to the question raised in this appeal. We must decide what the General Assembly meant by the word "compensation" in §28-35-9. We believe that the reasoning of the court in *Thompson, supra,* is equally applicable here. The words used in a statute must be given their ordinary and customary meaning unless a contrary intention clearly appears on the face of the statute. As we said in *Podborski* v. *William H. Haskell Mfg. Co.,* 109 R. I. 1, 8, 279 A.2d 914, 918 (1971):

> "* * * except in the case of equivocal and ambiguous language, the words of a statute cannot be interpreted or extended but must be applied literally. * * * The Legislature's meaning and intention must first be sought in the language of the statute itself, and if the language is plain and unambiguous, and expresses a single definite and sensible meaning, that meaning is conclusively presumed to be the Legislature's intended meaning and the statute must be interpreted literally."

---

[2] *See also Redfearn* v. *Pawtuxet Valley Dyeing Co.,* 105 R. I. 81, 87, 249 A.2d 657, 661 (1969); *Atlantic Rayon Corp.* v. *Macedo,* 73 R. I. 157, 159, 53 A.2d 756, 757 (1947).

The language of §28-35-9 is plain and unambiguous. The word "compensation" in its customary and ordinary meaning encompasses a broad range of areas under our Act. It includes not only benefits for total incapacity but also partial incapacity, specific compensation for loss of limb, hearing, sight, disfigurement, dependency benefits, and *medical expenses as well.* The full commission said that "it would be straining the language of the general assembly" to hold that an employer who voluntarily pays medical bills incurred by an employee has admitted the employee is entitled to compensation under the Act. In our opinion, however, it would be straining the language of the General Assembly to hold that the payment of medical bills is not a payment of compensation. To hold that the General Assembly did not intend that the payment of medical bills be considered as a payment of compensation under §28-35-9 would require us to ignore the clear and plain meaning of the language employed by the General Assembly. This we cannot do.

Accordingly, we hold that the payment by respondent of the medical bills to the two physicians who treated petitioner for his injuries was a payment of compensation within the meaning of §28-35-9, and, thus, an admission on the part of respondent that petitioner "* * * is entitled to compensation under the provisions of chapters 29 to 38, inclusive * * *."

However, the admission created by §28-35-9 is not conclusive proof of petitioner's entitlement to compensation benefits; it is merely a factor which the trial commissioner must consider and weigh, together with all the other evidence in the case, in determining whether petitioner has sustained his burden of proving his entitlement to benefits under the Act. *See Rossi* v. *Ronci,* 63 R. I. 250, 261, 7 A.2d 773, 779 (1939). In the case at bar, as we have noted above, the trial commissioner did not consider the effect of respond-

ent's payment of the medical bills, and the full commission held, that the payment of those bills was not the payment of compensation within the meaning of §28-35-9. They both erred.

The petitioner's appeal is sustained and the decree appealed from is reversed. The cause is remanded to the Workmen's Compensation Commission for further proceedings, in accordance with this opinion, to determine whether the petitioner is entitled to compensation benefits under the Workmen's Compensation Act.

*D. A. St. Angelo,* for petitioner.

*Vincent J. Baccari,* for respondent.