411 A.2d 300.

RHODE ISLAND CHAMBER OF COMMERCE *vs.*
MARY C. HACKETT, DIRECTOR,
DEPARTMENT OF EMPLOYMENT SECURITY.

FEBRUARY 13, 1980.

PRESENT: Bevilacqua, C.J., Kelleher, Doris, Weisberger and Murray, JJ.

BEVILACQUA, C.J.    This is a petition for a writ of certiorari filed by defendant pursuant to G.L. 1956 (1969 Reenactment) §8-1-2 and G.L. 1956 (1977 Reenactment) §42-35-16 to review a Superior Court judgment.

The facts are not in dispute. The Rhode Island Chamber of Commerce pursuant to §42-35-8 requested the Director of Employment Security to rule on the effect of the Governor's decision authorizing the suspension of the one-week waiting period required by G.L. 1956 (1979 Reenactment) §28-44-14 on future filings for unemployment benefits within that benefit year. The Governor, during the blizzard of 1978, in accordance with §28-44-15, declared a state of emergency and authorized the Director to suspend the waiting week requirement with respect to unemployment resulting from the blizzard.

The Director's declaratory ruling stated that the suspended waiting period was to be regarded as operative during the

whole benefit year regardless of whether the unemployed claimants returned to work after the emergency passed and then refiled after being laid off again from their jobs.

As a result of said ruling, the Chamber of Commerce (plaintiff) filed a complaint in the Superior Court. The Superior Court based its jurisdiction on §42-35-15(a) of the Administrative Procedures Act and reversed the Director's ruling. The Director (defendant) then filed a petition for a writ of certiorari with this court.

I

Initially this court must decide whether the Superior Court had jurisdiction under §42-35-15(a) to review a declaratory ruling.

The defendant argues that the trial court was without jurisdiction because the respondent had not exhausted its administrative remedies as required by §42-35-15(a) of the Administrative Procedures Act and outlined in §28-44-43 and §28-44-47 of the Employment Security Act. The defendant further contends that the proper procedure is to follow the section of the Employment Security Act that expressly allows for an appeal from a declaratory ruling to the board of review. General Laws 1956 (1979 Reenactment) §28-44-47. We disagree.

The general rule in administrative law is that judicial review is only available after all administrative remedies have been exhausted. While §42-35-15(a) of the Administrative Procedures Act states the general rule, it also states in pertinent part:

> "Any preliminary, procedural, or intermediate agency act or ruling is immediately reviewable in any case in which review of the final agency decision would not provide an adequate remedy."

We read this sentence as an exception to the general rule. Thus, when an inadequate remedy would result from requiring a party to exhaust all available administrative remedies, judicial review is immediately available.

The trial justice concluded that the remedies available to both plaintiff and defendant at the administrative level were not adequate and thus assumed jurisdiction under §42-35-15(a) to review and to decide the issue.

The trial justice found that if he were to remand the case to the board of review, benefits would have to be paid until a final determination could be reached. Because of the large number of anticipated filings, he considered the matter a pressing one having the potential to create hardships for all parties. He then concluded that because of these circumstances the remedy suggested by defendant was inadequate and that failure to consider the complaint would deprive the plaintiff of a proper remedy. We believe that such a conclusion was reasonable and therefore hold that the Superior Court had jurisdiction to consider the complaint without requiring plaintiff to exhaust its administrative remedies.

## II

Turning to the substantive issue raised by this petition for certiorari, we are asked to determine whether an unemployed person claiming benefits under the Employment Security Act must serve a "waiting period" in any benefit year in which the Governor, on account of a state of emergency, has suspended the "waiting period" for the filing of an unemployment claim in that year.

General Laws 1956 (1979 Reenactment) §28-44-14(3) of the Employment Security Act requires that an eligible individual claiming benefits under the Act must serve a "waiting period" (defined in §28-44-14(1)) in any "benefit year" (defined in §28-42-3(12)) prior to receiving such benefits. Section 28-44-15[1] creates an exception to this general rule.

---

[1]General Laws 1956 (1979 Reenactment) §28-44-15 provides:

"Emergency suspension of waiting period requirement. -- If the governor, upon the occurrence of a disaster, declares that a state of emergency exists, the governor may then authorize the director to suspend the waiting week requirement with respect to unemployment resulting directly from such disaster; provided, however, that such action taken by the director shall remain in effect only until the governor declares the emergency at an end."

The defendant argues that, pursuant to §28-44-15 and Rule XX of the Employment Security Rules, once a claimant files for benefits in a period during which the requirement of a "waiting period" is suspended under §28-44-15, the "waiting period" is also satisfied with respect to any subsequent refiling of claims for unemployment benefits within the "benefit year" commenced by the original filing. The plaintiff contends that the waiting period requirement is suspended only for the duration of the emergency, that the section is merely a specific exception to the general statutory scheme, and that the Legislature, in enacting §28-44-15, intended only to give immediate aid during a state emergency, not to relieve claimants of the waiting period requirement with respect to other claims within the benefit year triggered by the initial filing. We agree with plaintiff.

The issue before us is one of the statutory construction to be given to §28-44-15. In construing a statute, this court must give effect to all parts of the statute, if reasonably possible, in keeping with its declared purpose. *Carey* v. *Clark*, 82 R.I. 412, 111 A.2d 238 (1955). Additionally, the words used must be given their ordinary and customary meaning unless a contrary intention appears on the face of the statute. *Andreozzi* v. *D'Antuono*, 113 R.I. 155, 319 A.2d 16 (1974). If the language of a statute is plain and unambiguous and expresses a single, definite, and sensible meaning, that meaning is presumed to be the Legislature's intended meaning and the statute must be interpreted literally. *See, e.g., Brier Mfg, Co.* v. *Norberg*, 119 R.I. 317, 322, 377 A.2d 345, 348 (1977); *Podborski* v. *William H. Haskell Mfg. Co.*, 109 R.I. 1, 8, 279 A.2d 914, 918 (1971); *Cataldo* v. *Pono*, 89 R.I. 240, 242, 152 A.2d 98, 99 (1959).

In the instant case, the Employment Security Act clearly and unambiguously states that "[b]enefits shall be payable to an eligible individual only for those weeks of his unemployment within a benefit year which occur subsequent to one (1) waiting period, which shall be served at any time during the benefit year." General Laws 1956 (1979 Reenactment) §28-44-14(3). The only exception is found in §28-44-15. It

empowers the governor, in the event he declares a state of emergency, to authorize the director of employment security to *suspend* the waiting week requirement.

Our review of the language of §28-44-15 indicates that the Legislature clearly intended to allow the suspension of the normally required waiting period only for the unemployment claims brought under strictly limited circumstances. First, there must be the "occurrence of a disaster" and the governor must declare a state of emergency. The governor "may" then authorize the director of employment security to suspend the waiting period with respect to unemployment claims, but only those resulting "directly" from the disaster. Section 28-44-15 further provides that such suspension shall be effective "only until the governor declares the emergency at an end." There is no indication in the language of §28-44-15 that the suspension of the waiting period, once in effect for disaster related claims, should apply to any subsequent unemployment claims filed in the same benefit year and arising after the governor declares the state of emergency at an end. By limiting the power to suspend the waiting period to unemployment claims "directly" resulting from a disaster and to the time frame of the state of emergency, the Legislature obviously intended §28-44-15 to aid disaster victims but not otherwise to alter or to waive the prerequisites to the receipt of any later claimed benefits under the Employment Security Act.

In our view, therefore, §28-44-15 cannot be construed as waiving, in any benefit year commenced by a filing during suspension of the normal waiting period, the waiting week requirement of §28-44-14(3) with respect to subsequent claims unrelated to the disaster.

The petitioner further argues that Rule XX[2] of the Em-

---

[2]Section C of Rule XX of the Employment Security Rules states in pertinent part:

"Every otherwise eligible individual who has already served a waiting period for the benefit year during which he claims benefits, *or who has otherwise fulfilled the requirements of Section 28-44-14,* must, in order to receive benefits for any week of total unemployment:

ployment Security Rules regarding waiting period credit allows the waiting week requirement of §28-44-14 to be "otherwise fulfilled." She claims that a suspension of the waiting period requirement pursuant to §28-44-15 is just such an alternative method of satisfying §28-44-14.

This argument is without merit and amounts to administrative bootstrapping. Through the rule-making power outlined in §28-42-34, the board of review may adopt rules and regulations interpreting the Employment Security Act. The board cannot, however, modify the unambiguous requirements contained in the statute in such a way as to frustrate the clear intent of the Legislature. *See Little* v. *Conflict of Interest Commission,* 121 R.I. 232, 236, 397 A.2d 884, 886 (1979). To permit Rule XX to redefine the scope of these statutory provisions would impermissibly thwart the power of the General Assembly to legislate specific requirements. *Statewide Multiple Listing Service, Inc.* v. *Norberg,* 120 R.I. 937, 941, 392 A.2d 371, 373 (1978); *Petrarca* v. *Tax Administrator,* 113 R.I. 449, 457, 322 A.2d 621, 625 (1974). *See generally* 1 Cooper, *State Administrative Law* 176-77 (1965); Note, *Administrative Law in Rhode Island: The Judiciary's Search for a Path Toward Efficient Democratic Government,* 13 Suffolk U.L. Rev. 553, 576-79 (1979). Accordingly, "where a regulation is plainly inconsistent with the operative language of the statute it must be declared invalid." *Brier Mfg. Co.* v. *Norberg,* 119 R.I. 317,323, 377 A.2d 345, 349 (1977). Insofar as Rule XX and the Director's interpretation of that rule endorse an alternative method of fulfilling the waiting week requirement established in the statutory scheme, the rule and the interpretation must fall.

Therefore, we hold that the waiting period mandated by G.L. 1956 (1979 Reenactment) §28-44-14(3) must be served

---

1. Report in person at the appropriate office of the Department of Employment Security during such week;

2. File his claim for such benefits in accordance with the procedures of the said department; and

3. Register for work." (Emphasis added.)

on a subsequent unemployment claim during any benefit year when the original filing of a claim was for a period during which the waiting period was suspended under §28-44-15.

The petition for certiorari is denied and dismissed, and the records certified to this court are ordered returned to the Superior Court with our decision endorsed thereon.