Salvatore G. TERRANO

v.

STATE of Rhode Island, DEPARTMENT OF CORRECTIONS.

No. 89–90–Appeal.

Supreme Court of Rhode Island.

May 10, 1990.

Daniel McKinnon, McKinnon & Harwood, Pawtucket, for plaintiff.

Stephen Robinson, Asquith, Merolla, Anderson, Archetto & Kane, Providence, for defendant.

## OPINION

MURRAY, Justice.

This case is before the court on the appeal of the defendant, the State of Rhode Island, Department of Corrections (state), from a Superior Court declaratory judgment in favor of the plaintiff, Salvatore G. Terrano (Terrano). The state asserts that the trial justice erred in finding that Rhode Island State Marshals are police officers within the intended scope of G.L.1956 (1980 Reenactment) § 45–19–1 and that, as such, they are eligible to receive the full pay and medical-expense benefits to which the statute alludes. The facts are briefly as follows.

Terrano is employed as a Rhode Island State Marshal for the Department of Corrections. On October 8, 1982, Terrano sustained an injury as a result of an automobile accident in which he was involved while acting within the scope of his official duties as a state marshal. This injury resulted in Terrano's being disabled from work from 1982 to the present. During this period he received benefits pursuant to the Rhode Island Workers' Compensation Act as provided for by an agreement between the State of Rhode Island and the Fraternal Order of Police, Lodge No. 24, Rhode Island State Marshals.

Terrano sought to obtain the benefits provided for police officers under § 45–19–1 through the grievance procedure contained in the agreement. The state asserted that the matter involved an interpretation of a State statute that was not a proper matter for arbitration. Subsequently Terrano filed a complaint in Superior Court for declaratory judgment, seeking an interpretation of § 45–19–1 and seeking to have the benefits contained under § 45–19–1 made applicable to him. On February 3, 1989, the trial justice filed a decision finding that Rhode Island State Marshals were police officers within the intended scope of § 45–19–1 and that, therefore, Terrano was eligible to receive the full pay and medical-expense benefits provided for within the statute. The state filed a notice of appeal on March 6, 1989.

The state asserts that marshals are not police officers within the intended scope of § 45–19–1. In 1982, at the time of Terrano's accident, § 45–19–1 provided:

"Salary payment during line of duty illness or injury.—Whenever any police officer, fireman or crash rescue crewman of any city, town or the state of Rhode Island shall be wholly or partially incapacitated by reason of injuries received or sickness contracted in the performance of his duties, the respective city, town or state of Rhode Island by which said police officer, fireman or crash rescue crewman is employed shall, during the period of such incapacity, pay such police officer, fireman or crash rescue crewman the salary or wage to which the said police officer, fireman or crash rescue crewman would be entitled had he not been so incapacitated, and in addition thereto shall pay such medical, surgical, dental, optical, or other attendance or treatment, nurses and hospital services, medicines, crutches and apparatus for such period as is necessary, except that if any said city, town or the state of Rhode Island shall provide said police officer, fireman or crash rescue crewman with insurance coverage for the above related treatment, services, or equipment, then said city, town or the state of Rhode Island shall only be obligated to pay the difference between the maximum amount allowable under said insurance coverage and the actual cost of said treatment, service or equipment. In addition, said cities and towns shall pay all similar expenses incurred by a member who has been placed on a disability pension and suffers a recurrence of the injury or illness that dictated his disability retirement. As used in this section, the term 'police officer' shall mean and include any chief or other member of the police department of any city or town regularly employed at a fixed salary or wage. As used in this section, the term 'fireman' shall mean and include any chief or other member of the fire department of any city or town.

"As used in this section, the term 'crash rescue crewman' shall mean and

include any chief or other member of the Emergency Crash Rescue Section, Division of Airports, Department of Transportation of the State of Rhode Island regularly employed at a fixed salary or wage."

This statute was originally enacted in 1944 by P.L.1944, ch. 1479. In 1944 the statute required cities and towns to pay only police officers who were incapacitated during the performance of their duties their full salary for the duration of the incapacity. The statute was amended in 1952 by P.L.1952, ch. 2915, § 1, to include firefighters. In 1972 the statute was again amended by P.L.1972, ch. 212, § 1, to include crash-rescue crewmembers. Last, fire marshals, chief deputy fire marshals, and deputy fire marshals were all added to the statute by the 1988 amendment of P.L.1988, ch. 329, § 1.[1]

In construing a statute, this court must give the words used therein their plain and ordinary meaning. The statute must be applied literally if the statutory language is clear and unambiguous. *State v. Boss*, 490 A.2d 34, 36 (R.I.1985); *Murphy v. Murphy*, 471 A.2d 619, 622 (R.I.1984); *Rhode Island Chamber of Commerce v. Hackett*, 122 R.I. 686, 690, 411 A.2d 300, 303 (1980). "The meaning expressed is conclusively presumed to be the meaning intended." *Murphy*, 471 A.2d at 622. Moreover, it is an accepted rule of statutory construction that "an express enumeration of items in a statute indicates a legislative intent to exclude all items not listed." *Id.* (citing 2A Sands, *Statutes and Statutory Construction* § 47.23 (4th ed.1973)). This principle is a guide that should be used to further, not to defeat, legislative intent. *Volpe v. Stillman White Co.*, 415 A.2d 1034, 1036 (R.I.1980).

The statute clearly and unambiguously states that " 'police officer' shall mean and include any chief or other member of the police department of any city or town regu-

1. The current language of G.L.1956 (1988 Reenactment) § 45–19–1, including all its amendments, provides:

"Salary payment during line of duty illness or injury.—(a) Whenever any police officer, fireman, crash rescue crewman, fire marshall, chief deputy fire marshall or deputy fire marshall of any city, town, fire district, or the state of Rhode Island shall be wholly or partially incapacitated by reason of injuries received or sickness contracted in the performance of his or her duties, the respective city, town, or fire district, or state of Rhode Island by which the police officer, fireman, crash rescue crewman, fire marshall, chief deputy fire marshall or deputy fire marshall, is employed shall, during the period of the incapacity, pay the police officer, fireman, crash rescue crewman, fire marshall, chief deputy fire marshall or deputy fire marshall, the salary or wage to which the police officer, fireman, crash rescue crewman, fire marshall, chief deputy fire marshall or deputy fire marshall, would be entitled had he or she not been so incapacitated, and in addition thereto shall pay the medical, surgical, dental, optical, or other attendance or treatment, nurses and hospital services, medicines, crutches, and apparatus for such period as is necessary, except that if any city, town, fire district, or the state of Rhode Island shall provide the police officer, fireman, crash rescue crewman, fire marshall, chief deputy fire marshall or deputy fire marshall, with insurance coverage for the above related treatment, services, or equipment, then the city, town, fire district, or the state of Rhode Island shall only be obligated to pay the difference between the maximum amount allowable under the insurance coverage and the actual cost of the treatment, service, or equipment. In addition, the cities, towns, fire districts, or the state of Rhode Island shall pay all similar expenses incurred by a member who has been placed on a disability pension and suffers a recurrence of the injury or illness that dictated his or her disability retirement.

(b) As used in this section, the term 'police officer' shall mean and include any chief or other member of the police department of any city or town regularly employed at a fixed salary or wage.

(c) As used in this section, the term 'fireman' shall mean and include any chief or other member of the fire department of any city, town, or fire district, and any person employed as a member of the fire department of the town of North Smithfield.

(d) As used in this section, the term 'crash rescue crewman' shall mean and include any chief or other member of the emergency crash rescue section, division of airports, or department of transportation of the state of Rhode Island regularly employed at a fixed salary or wage.

(e) As used in this section, the terms 'fire marshall,' 'chief deputy fire marshall' and 'deputy fire marshall' shall mean and include the fire marshall, chief deputy fire marshall and deputy fire marshalls regularly employed by the state of Rhode Island pursuant to the provisions of chapter 28.2 of title 23."

larly employed at a fixed salary or wage." Section 45–19–1. The plain and ordinary meaning of "police officer" as defined in *Blacks Law Dictionary* 1041 (5th ed.1979) is "[o]ne of the staff of men employed in cities and towns to enforce the municipal laws and ordinances for preserving the peace, safety, and good order of the community. Also called 'policeman' or 'policewoman'; 'patrolman' or 'patrolwoman.'"

It is the considered opinion of this court that marshals are not members of the police department. They are by definition employees of the State of Rhode Island, Department of Corrections, charged with the responsibility of custodial transportation of inmates. G.L.1956 (1988 Reenactment) § 42–56–3. Police officers are charged with the enforcement of laws through investigations, interrogations, and arrests. Their powers and duties are not the same as those of marshals. Hence we conclude, from the language of the statute, that the Legislature did not intend marshals to be included within the § 45–19–1 meaning of "police officer."

The trial justice noted that the class of beneficiaries listed in § 45–19–1 has expanded over the years, and therefore, liberality of construction requires that marshals be equated with police officers within the scope of § 45–19–1. This court has stated that "[§ ]45–19–1 is remedial legislation that should be liberally construed." *Aiudi v. Pepin,* 417 A.2d 320, 322 (R.I. 1980). This remedial legislation, however, may be liberally construed for the benefit of only those persons specifically listed within § 45–19–1. The expanded class of beneficiaries of § 45–19–1 was the result of specific legislative amendments enacted by the General Assembly to include other classes. Had the General Assembly intended to include Rhode Island State Marshals within the scope of § 45–19–1, it would have done so in the same manner. Any attempt to alter the statute to include state marshals within § 45–19–1 lies within the power of the Legislature and is not a prerogative of this court.

In *Labbadia v. State of Rhode Island,* 513 A.2d 18, 21 (R.I.1986), we stated that § 45–19–1 was "intended to provide greater work-related-injury benefits to certain public employees whose jobs require them to serve the state or its municipalities, often in dangerous situations." Terrano asserts that state marshals, by virtue of their powers and duties, are police officers who serve the state in what may often be considered dangerous situations and, therefore, they should be recipients of the greater benefits provided under § 45–19–1. We disagree. These greater work-related-injury benefits are compensation to the "certain public employees" that are specifically enumerated by the Legislature in § 45–19–1. Section 45–19–1 benefits are not compensation to *all* public employees whose jobs require them to serve the state or its municipalities, in often dangerous situations.

Finally the Legislature has fully provided for state marshals under the Workers' Compensation Act, which compensates marshals in the event that work-related injuries or illnesses occur. In the instant case Terrano has received benefits under this statute since the accident.

Accordingly we find that the trial justice erred in finding that Rhode Island State Marshals are police officers within the intended scope of § 45–19–1.

The defendant's appeal is sustained. The judgment of the Superior Court is reversed, and the case is remanded to the Superior Court for entry of judgment for the defendant.