[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before this court on plaintiff's request for a preliminary injunction enjoining the Town of Smithfield from interfering with plaintiff's liquor license. Jurisdiction in this court is under color of R.I.G.L. 1956 (1985 Reenactment) §8-2-13.
FACTS/TRAVEL
The facts relevant to the case at bar are not in dispute. Edward Notorantonio ("plaintiff") operates an establishment known as the "High Hat Hotel" in the Town of Smithfield. He also owns the real estate upon which the High Hat is situated.
On or about October, 1989, plaintiff filed an application with the Town of Smithfield ("Town") for renewal of his class B liquor license. Although the Town approved the renewal of plaintiff's liquor license, it notified him by letter dated January 30, 1990 (the "letter"), that such license would be revoked as of February 16, 1990 unless plaintiff paid outstanding real estate taxes and license fees due to the Town.[1] The effective date of the revocation, according to the letter, was to be February 16, 1990. After receiving the letter, plaintiff did not initiate any dialogue with the Town regarding the revocation of his liquor license; nor did he petition the Liquor Control Administrator to review the propriety of the proposed revocation. Instead, on February 15, 1990, plaintiff filed in this court a motion for a temporary restraining order enjoining the Town from revoking his liquor license. This court, Almeida, J., granted plaintiff's motion. Whether the temporary restraining order should be replaced by permanent injunctive relief is the issue now before this court.
DISCUSSION
Plaintiff argues that permanent injunctive relief should be granted because the Town does not have the power to withhold a liquor license for failure to pay local taxes or liquor license fees. This court cannot determine whether plaintiff's claim has merit, however, unless it has subject matter jurisdiction over such claim. Subject matter jurisdiction in this court may be found to be lacking due to statutory restrictions. WellingtonHotel Associates v. Miner, 543 A.2d 656, 660 (R.I. 1988). For example, this court's subject matter jurisdiction over administrative appeals may be restricted where an appellant fails to exhaust appeals procedures prescribed by statute. See Jacobv. Burke, 110 R.I. 661, 673, 296 A.2d 456, 463 (1972).
When determining whether a statute restricts its subject matter jurisdiction, this court must pay heed to established canons of statutory interpretation. A Court must give effect to the legislature's intent whenever it is within legislative competence. Bassett v. DeRentis, 446 A.2d 763, 764 (R.I. 1982). Where the language of a statute is plain and unambiguous, and expresses a single, definite and sensible meaning, such meaning is presumed to be the legislature's intended meaning. RhodeIsland Chamber of Commerce v. Hackett, 122 R.I. 686, 690,411 A.2d 300, 303 (R.I. 1980). Thus, if the plain meaning of a statute at issue embodies a proper legislative intent, the court must give effect to that plain meaning. Gilbane Co. v. Poulas,576 A.2d 1195, 1196 (R.I. 1990).
The above canons of statutory construction, applied to G.L. 1956 (1987 Reenactment) § 3-7-21, lead to the conclusion that the General Assembly intended to restrict this court's jurisdiction to hear appeals in the procedural posture of the one now before this court. Where a party, such as plaintiff, is denied a liquor license from a local authority, he may appeal the local authority's decision to the liquor control administrator. §3-7-21. Decisions of local authorities regarding liquor licenses, however, "shall not be suspended except by order of the liquor control administrator." Id. Thus, the plain language of §3-7-21 sets up a scheme whereby the decisions of local boards are not suspended pending an appeal and where such decisions may be appealed only to the Liquor Control Administrator. See Sunny DayRestaurant, Inc. v. Beacon Restaurant, Inc., 103 R.I. 707, 708, 241 A.2d 195, 196 (1968). Appeals taken thereafter are to this court, pursuant to § 42-35-15. Id. As such a scheme is within the competence of the General Assembly, which has the power to enact an outright ban on alcohol, it must be upheld by this court.
The next issue before this court is whether plaintiff complied with the procedural scheme set up by the Legislature. When, as in this case, the General Assembly provides a right of judicial review from the decision of an administrative agency, it is incumbent upon the party aggrieved to exhaust all remedies within such agency before judicial review may be invoked.Jacob, 110 R.I. at 666-667, 296 A.2d at 459 (1972). Where the aggrieved party does not exhaust all administrative remedies, the court entertaining the appeal may dismiss the same for lack of subject matter jurisdiction. Id. at 673, 296 A.2d at 463. This exhaustion requirement applies with equal force to cases where the aggrieved party seeks injunctive relief. AB Holding Co. v.Johnston Zoning Bd., 101 R.I. 465, 468, 224 A.2d 608, 610 (1966). The policy underlying the exhaustion requirement is that courts should be reluctant to circumvent appeals procedures set up by the legislature. Jacob, 110 R.I. at 673, 296 A.2d at 463. Courts may abbreviate statutory procedures only where "an inadequate remedy would result from requiring a party to exhaust all available administrative remedies." Rhode Island Chamber ofCommerce, 122 R.I. at 688, 411 A.2d at 302. The burden of showing that an inadequate remedy would result, however, rests squarely on the movant. Wellington, 543 A.2d at 661.
The background of the instant case clearly shows that plaintiff neither exhausted his administrative remedies nor met his burden of showing that exhaustion of remedies would result in an inadequate remedy. Plaintiff could have obtained an adequate legal remedy by appealing to the Liquor Control Administrator which could have confirmed or reversed, in whole or in part, the decision of the Town. § 3-7-21. Instead of petitioning the Liquor Control Administrator for further consideration of his claims, however, plaintiff sought review in this court. Thus, plaintiff did not exhaust administrative remedies which could have provided him with an adequate legal remedy.
This court finds, therefore, that it lacks subject matter jurisdiction to entertain the instant appeal. This case is remanded to the Town Council of Smithfield, whereupon plaintiff may petition the Liquor Control Administrator for further review.
Counsel shall prepare an appropriate order for entry by this court.
[1] At the time of the Town's letter plaintiff owed to the Town real estate taxes on the High Hat property totalling $20,737.22, as well as a $776.00 license fee for his renewed liquor license. To date, plaintiff has not made any payments towards these debts.