DECISION
The matter before the Court is an administrative appeal. The pro se plaintiff, Wesley Dana Plante, appealed a determination of the defendant, the Rhode Island Department of Human Services ("DHS"), that he was ineligible for participation in the food stamp program because his household income exceeded the ceiling set by the defendant. Specifically, the plaintiff appealed the defendant's inclusion of Retirement, Survivors, and Disability Insurance ("RSDI") benefits received by his children as part of its household income calculation. The Court has jurisdiction pursuant to G.L. (1956) § 42-35-15. After reviewing the record and applicable law, the Court affirms the decision of the DHS.
 Facts and Travel
As of the time that this appeal was filed, the plaintiff was disabled and receiving $763.00 a month in RSDI social security benefits. As a result of the plaintiff's disability, his two dependent children received $381.00 a month in RSDI benefits. The plaintiff's wife was employed and earning $866.00 a month.
From what the Court can glean from the record, it appears that the plaintiff applied for food stamps in June 1996. When filling out the Statement of Need, the only unearned income that the plaintiff reported was the $763.00 that he received in RSDI benefits. When asked by the DHS's food stamp administrator, Madeline Reynolds, if his children received any RSDI benefits, the plaintiff responded in the negative. Thus, based upon his application, the DHS determined that the plaintiff was eligible to receive food stamp benefits. The plaintiff's family received food stamps for the months of June and July 1996.
After initially determining that the plaintiff was eligible for food stamps, the food stamp administrator sent a query to the Social Security Administration for verification of the RSDI benefits received by the plaintiff. The Social Security Administration sent DHS a printout that showed the receipt of benefits that were unaccounted for by the plaintiff. Notably, the printout confirmed that the plaintiff's wife was receiving $381.00 a month for the children due to the plaintiff's disability.
DHS recalculated the plaintiff's eligibility based upon the newfound information and determined that the plaintiff's income exceeded the eligibility ceiling. The plaintiff was then notified that he was ineligible for food stamp benefits. The plaintiff appealed DHS's decision to the State of Rhode Island Department of Human Services Appeals Office ("Appeals Office"). In November 1996, a hearing was held on the matter and both the plaintiff and the DHS presented their arguments to the Appeals Office. The Appeals Office agreed with DHS's determination that the children's RSDI benefits should have been included in the household income calculation; thus, the plaintiff was not eligible for food stamps. It is from that decision that the plaintiff appeals.
 Jurisdiction and Review
The Court has jurisdiction to review the agency's decision pursuant to G.L. (1956) § 42-35-15(b). The Court reviews an agency decision pursuant § 42-35-15(g):
 The Court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When this Court reviews an agency decision pursuant to § 42-35-15, it sits as an appellate court with a limited scope of review. Mine SafetyAppliances v. Berry, 620 A.2d 1255, 1259 (R.I. 1993). The Court's review is "confined to the record compiled during the adjudicatory proceeding."The Environmental Scientific Corp. v. Durfee, 621 A.2d 200, 204 (R.I. 1993). The Court is limited "to a determination of whether there is any legally competent evidence to support the agency's decision." Id. at 208. "Questions of law, however, are not binding upon the court and may be reviewed to determine what the law is and its applicability to the facts." Narragansett Wire Co. v. Norberg, 118 R.I. 596, 376 A.2d 1, 16 (1977).
 The DHS Decision
The plaintiff argues that the defendant erred by including the $381.00 RSDI benefits as income. The plaintiff avers that laws exist that provide for the exclusion of RSDI child benefits from the calculation of household income. The record before the Court, however, lacks evidence of such laws.
The DHS states that pursuant to G.L. (1956) § 40-6-8, the DHS has the responsibility to administer the food stamp program for the state in compliance with the federal Food Stamp Act of 1964, 7 U.S.C. § 2011et seq. In order to administer the program, the DHS may promulgate rules and regulations regarding eligibility for the food stamp program. The DHS has limited participation in the food stamp program to households that have incomes falling below certain ceiling amounts, which amount depends upon the size of the household. DHS has also promulgated rules for the determination of what constitutes income and has determined that unearned assistance payments in the form of child benefits are to be included as household income. "It is well established `that an agency's construction of its own regulations is entitled to substantial deference.'" Martin v.Occupational Health and Safety Review, 499 U.S. 144, 150 (1991) (quotingLyng v. Payne, 476 U.S. 926, 939 (1986)).
Here, DHS argues, when the $381.00 is included into the plaintiff's eligibility determination, the plaintiff's net income is greater than the ceiling allowed for by DHS. Therefore, DHS avers that it correctly both included the $381.00 as income and determined that the plaintiff did not meet eligibility requirements.
The Court notes that the relevant statutes dealing with food stamp eligibility refer to household income, as opposed to the income of one member of the household. See 7 U.S.C. § 2014(a) ("Participation in the program shall be limited to those households whose incomes are determined to be a substantial limiting factor in permitting them to obtain a more nutritious diet."); DHS Policy Manual, Food Stamp Regulation § 1002.15 (defining "household" as individuals who purchase and prepare food together); Food Stamp Regulation § 1002.15.05 (stating that children under the age of 22 are considered part of the household). A review of those statutes makes clear that the legislative intended the entire household income to be considered by the DHS when it makes its eligibility determination. Accordingly, here, the income received by the plaintiff's children in the form of RSDI benefits should be included in the household income calculation.
The above statutes also reference specific forms of income that may be excluded from calculations made to determine food stamp eligibility. Conspicuously missing from the list itemizing excludable income are RSDI benefits for children. "It is an accepted rule of statutory construction that `an express enumeration of items in a statute indicates a legislative intent to exclude all items not listed.'" Terrano v. Dep't ofCorrections, 573 A.2d 1181, 1183 (R.I. 1990) (quoting Murphy v. Murphy,471 A.2d 619, 622 (R.I. 1984)).
After examining the administrative record and considering the parties' arguments, the Court finds that the defendant's decision to include the plaintiff's children's RSDI benefits of $381.00 in its determination of the plaintiff's household income was not clearly erroneous or in violation of statutory provisions.
 Conclusion
After reviewing the entire record, the Court affirms DHS's decision to include the plaintiff's children's RSDI benefits in its household income calculation. Therefore, DHS's determination that the plaintiff is not eligible for the food stamp program was not clearly erroneous; nor have any substantial rights of the plaintiff been prejudiced.
Counsel shall submit the appropriate order for entry after notice.