DECISION
Defendant David DiLibero (Defendant), appearing pro se, has filed a petition for a writ of habeas corpus pursuant to G.L. 1956 § 10-9-1. After a hearing on October 14, 2008, this Court concludes that Defendant should remain incarcerated at the Adult Correctional Institutions.
On November 10, 1992, Defendant was sentenced to a forty-year term of imprisonment, with twenty years to serve and twenty years suspended with probation. Although it is unclear from the documentation provided to this Court whether he was imprisoned or on parole at the time, Defendant was sentenced to an additional twenty years of imprisonment — with twelve years to serve and eight years suspended with probation — to commence on November 10, 1995. Between March 5, 2003 and May 12, 2006, Defendant was placed on electronic monitored parole (EMP) for a total of 449 days.[1] It is Defendant's contention that EMP is the functional equivalent of imprisonment and, as such, he is entitled to credit for the time he spent on EMP as well as any "good time" credit that he may have accrued during this time. Accordingly, *Page 2 
Defendant maintains that he should have been released from incarceration on or about April 10, 2008.
Based upon Defendant's habeas petition and accompanying Memorandum of Law, it appears that he has advanced three possible bases upon which to grant the requested relief:[2] (1) that this Court may, in its discretion, consider the time between Defendant's release under parole permit and his return to the Adult Correctional Institutions as part of his original sentence, see G.L. 1956 § 13-8-19; (2) that this Court may, in its discretion, deduct from the term of Defendant's original sentence any "good time" credit that he may have accrued during the 449 days that he spent on EMP, see G.L. 1956 § 42-56-24; and (3) that this Court may, in its discretion, deduct time from Defendant's sentence for "meritorious service" that Defendant performed during his incarceration,see § 42-56-26. For the reasons articulated below, each of these arguments is unavailing.
 Computation of Defendant's Sentence
Section 13-8-16 of the General Laws reads, in relevant part:
 A permit issued by the parole board . . . shall entitle the prisoner to whom it is issued to be at liberty upon parole during the remainder of the term which he . . . is under sentence to serve, upon any terms and conditions that the board may see fit in its discretion to prescribe, and the acceptance of the permit by the prisoner shall constitute an agreement on the part of the prisoner to abide by and conform to those terms and conditions. § 13-8-16.
The record before this Court reflects that Defendant's four periods of EMP were pursuant to the terms and conditions of four separate parole permits, each of which was subsequently revoked by the parole board. However, this matters not. Section 13-8-19 *Page 3 
provides that "[t]he time between the release of the prisoner under [a] permit and the prisoner's return to the adult correctional institution
. . . shall not be considered as any part of the prisoner's original sentence."[3] § 13-8-19. (Emphasis added.) Based on the plain and clear language of § 13-8-19, this Court has no discretion to consider the time between Defendant's release upon EMP and his return to the Adult Correctional Institutions as any part of the term of Defendant's original sentence. See Rhode Island Chamber of Commerce v. Hackett, 122 R.I. 686, 411 A.2d 300 (1980) ("When statutory language is plain and unambiguous and expresses a single, definite, and sensible meaning, that meaning [will be] presumed to be the Legislature's intended meaning and the statute [will be] interpreted literally.") Therefore, in computing the period of Defendant's confinement at the Adult Correctional Institutions, the 449 days that he was "at liberty upon parole"[4]
shall not be counted towards his original sentence.
 Applicability of "Good Time" Statute
In his petition, Defendant asserts that he is entitled to "good time" credit for each month that he faithfully observed all of the terms and conditions of his four parole permits. However, even a cursory reading of the "good time" statute, § 42-56-24, reveals that this Court does not have the authority to deduct "good time" credit from the term of Defendant's sentence. Section 42-56-24 reads, in pertinent part The director, or his or her designee, shall keep a record of the conduct of each prisoner, and for each month that a prisoner who has been sentenced to *Page 4 
imprisonment for six (6) months or more and not under sentence to imprisonment for life, appears by the record to have faithfully observed all the rules and requirements of the institutions and not to have been subjected to discipline, there shall, with the consent of the director of the department of corrections, or his or her designee, upon recommendation to him or her by the assistant director of institutions/operations, be deducted from the term or terms of sentence of that prisoner the same number of days that there are years in the term of his or her sentence[.] (Emphasis added.)
As the plain and clear language of § 42-56-24 does not vest this Court with the authority to deduct "good time" credit from Defendant's sentence, and that this authority is solely vested in the director of the Department of Corrections or his or her designee, Defendant's argument that he is entitled to "good time" credit for the time spent on EMP must fail.
 Applicability of "Meritorious Service" Statute
The only other conceivable basis upon which Defendant would be entitled to have time deducted from his sentence would be pursuant to the "meritorious service" statute, § 42-56-26. Section 42-56-26 reads, in relevant part [A]ny prisoner sentenced to imprisonment for one year or more in the adult correctional institutions, whether the sentence was imposed before or after May 8, 1974, shall be eligible to have deducted from his or her sentence up to three (3) days per month up to a maximum of thirty-six (36) days per year, when in the determination of the director, or his or her designee, an inmate has performed heroic acts affecting the lives and welfare of the institutional personnel, inmates, or the general public, or when an inmate has submitted extraordinary and useful ideas and plans which have been implemented for the benefit of the state resulting in substantial savings and/or a higher degree of efficiency or performance while participating in and completing academic or vocational education programs, or when an inmate has submitted useful ideas concerning academic or vocational programs which have been implemented at the adult correctional institutions. (Emphasis added.)
Based on the statutory language, this Court does not have the authority to determine whether Defendant has performed "meritorious service" during his time at the Adult Correctional Institutions. Accordingly, Defendant's argument that this Court may, *Page 5 
as an exercise of its discretion, deduct time from his sentence upon proof of "meritorious service" must fail.
 Conclusion
Based on the foregoing analysis, this Court concludes that Defendant's petition for writ of habeas corpus is without merit. The Defendant's petition is hereby denied.
[1] According to the Memorandum of Law filed with the Court by Defendant, he was placed on EMP between March 5, 2003 to June 4, 2003 (88 days); September 17, 2003 to February 26, 2004 (163 days); June 23, 2004 to September 22, 2004 (91 days); January 25, 2006 to May 12, 2006 (107 days), for a total of 449 days.
[2] It is clear that G.L. 1956 § 12-19-2 is inapplicable, as Defendant does not argue that his sentence should be reduced by the number of days spent in confinement while awaiting trial and while awaiting sentencing.
[3] It is worthwhile to note that the parole permits issued to Defendant on March 3, 2003, September 8, 2003, June 11, 2004, and January 13, 2006 all contain language that is substantially similar to § 13-8-19. Condition number 4 of the "Terms and Conditions" section reads: "[A]nd in computing the period of my confinement, the time between my release upon said permit and my return to the place of my original confinement shall not be considered as any part of the term of my original sentence." (Emphasis added.)
[4] As the time spent by Defendant on EMP cannot be considered as part of his original sentence, this Court need not pass upon his contention that EMP is the functional equivalent of incarceration just as home confinement has been found to be a form of imprisonment, see State v.Quattrocchi, 687 A.2d 78 (R.I. 1996).