DECISION
This case is before the Court on Everett McCain's request for a writ of mandamus and declaratory relief. Specifically, Mr. McCain asks this Court to declare and adjudge that Mr. McCain falls within the definition of "fire fighter" under G.L. 1956 § 45-19-1, and to issue a writ directing the Town of North Providence to resume paying his salary pursuant to the statute. For the reasons set forth below, the Court grants Mr. McCain's request for declaratory relief, but denies his petition for a writ of mandamus.
 Facts and Questions Presented
On July 20, 2001, the Chief of Staff of North Providence's Office of the Mayor wrote a memorandum to Chief Stephen Catanzaro of the Town of North Providence Fire Department. The memorandum indicates that "Everett M. Mr. McCain has been hired as a Firefighter 3rd Class, with the Communications Department of the North Providence Fire Department effective Monday, July 23, 2001. He shall receive any and all benefits associated with this position." Following receipt of the memorandum, the Chief issued General Order Number 2001-16, informing the Department that "Everett Mr. McCain has been appointed to the North Providence Fire Department as a Lineman in the Communications Division." Mr. McCain was issued an identification card which indicates, "[t]his is to certify that Everett Mr. McCain . . . is a member of the North Providence Fire Department." *Page 2 
Although the fire department has its own fire academy for new recruits, it did not require Mr. McCain to receive training at any such facility. Similarly, Mr. McCain was never issued protective fire-fighting gear and never acted as a first responder in a fire fighting or rescue unit. Instead, Mr. McCain was required to respond to certain incident scenes only after the emergency was under control and the scene had been stabilized. He was required to respond only when the incident caused damage to communication cabling and lines on the exterior of buildings. His duties and responsibilities as a lineman included the operation and upkeep of a bucket truck, the maintenance of municipal fire alarm and communication cabling, the installation of radio and data equipment in town vehicles, and the installation of communication cabling in town buildings. On the fire department's 2008 Table of Organization, "Linemen" are listed entirely separately from "Firefighters." Similarly, the fire department's seniority list includes Mr. McCain as a "Civilian/Lineman" instead of "Firefighter."
Mr. McCain is a member of Local 2334 International Association of Firefighters, AFL-CIO ("Local 2334"), the exclusive bargaining agent for all employees of the fire department. According to Local 2334's Collective Bargaining Agreement ("CBA"), Mr. McCain — as part of the Communications Division — was not "eligible to work callback or overtime as a firefighter," could not be "utilized as a working Fire Fighter when on duty," and did not count as part of the minimum number of firefighters required to be on duty at all times. However, Article XI of the CBA indicates,
 Any employee who shall become wholly or partially incapacitated by reason of injuries received . . . in the performance of their duty, shall, during the incapacity receive full salary or wages and medical expenses from the Town. . . . Should the State Pension board determine the employee in question to be ineligible for Disability Retirement Benefits, then the Town shall continue to pay said employee such pay and allowances as provided for in 45-19-1 of the General Laws of Rhode Island. . . . *Page 3 
On June 23, 2006, Mr. McCain was injured while performing his duties at work. Specifically, while getting into the back of a bucket truck to put a ladder away, he struck his head on the bottom of the bucket and suffered a concussion. The State Retirement Board found Mr. McCain to be ineligible for a disability retirement. From the date of his injury until July 24, 2009, Mr. McCain received injured-on-duty payments pursuant to G.L. 1956 § 45-19-1. The payments ceased when the Town eventually arrived at the belief that Mr. McCain does not fall within the definition of "firefighter" under the statute and should therefore not enjoy its benefits.
Mr. McCain filed the within action seeking a writ of mandamus and declaratory relief. The Petition for Writ asks this Court to direct the Town to resume paying Mr. McCain benefits under § 45-19-1 and to issue a declaratory judgment that he is a "fire fighter" within the meaning of the statute.
This case questions the definition of "fire fighter" provided in § 45-19-1. In 2006, at the time of Mr. McCain's accident, the pertinent portions of the statute indicated the following:
 (a) Whenever any . . . fire fighter . . . is wholly or partially incapacitated by reason of injuries received . . . in the performance of his or her duties, the respective city, town, or fire district, or state of Rhode Island by which the . . . fire fighter . . . is employed, shall, during the period of the incapacity, pay the . . . fire fighter . . . the salary or wage and benefits to which the . . . fire fighter . . . would be entitled had he or she not been incapacitated. . . .
 . . . .
 (c) As used in this section, "fire fighter" means and includes any chief or other member of the fire department or rescue personnel of any city, town, or fire district, and any person employed as a member of the fire department of the town of North Smithfield, or fire department or district in any city or town.
The Town asserts that Mr. McCain is not covered by the statute because he is not "a member of the fire department." Instead, it argues that he only worked for the department in an auxiliary capacity. The Town avers that the General Assembly meant the term "fire fighter" to *Page 4 
include first-responders only. It supports this argument with an examination of the 2007 amendments to § 45-19-1. Although the amendments leave the definition of "fire fighter" unchanged, they add the requirement that
 In order to receive the benefits provided for under this section, a police officer or firefighter must prove to their employer that he or she had reasonable grounds to believe that there was an emergency which required an immediate need for their assistance for the protection or rescue of human life. G.L. 1956 § 45-19-1(g).
According to the Town, this amendment resolves any ambiguity in its favor and evidences the General Assembly's intent to include only traditional first-responders in the statute's definition of "fire fighter."
Conversely, Mr. McCain argues that the definition of "fire fighter" is broad enough to include his job as a lineman for the fire department. Mr. McCain admits that he was not a traditional "sworn" firefighter, but asserts that he falls under the statutory definition because he was a member of the department and hired as a "3rd class firefighter."
 Analysis
1. Declaratory Judgment
Pursuant to G.L. 1956 § 9-30-1, Rhode Island's enactment of the Uniform Declaratory Judgment Act, the Superior Court has the "power to declare rights, status, and other legal relations" upon petition. The Court has considerable discretion as to whether to grant or deny a request for declaratory judgment. Town of Barrington v.Williams, 972 A.2d 603, 608 (R.I. 2009). While the Court has the authority to issue declaratory judgments, it has no duty to do so.Cruz v. Wausau Insurance, 866 A.2d 1237, 1240 (R.I. 2005). For the following reasons, the Court declares that Mr. McCain does fall within the broad definition of "fire fighter" provided by G.L. 1956 § 45-19-1. *Page 5 
In interpreting a statute, the courts first look to the plain meaning of the language employed. "[W]hen the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." Fleet National Bank v. Hunt, 944 A.2d 846,852 (R.I. 2008) (quoting Tinney v. Tinney, 799 A.2d 235, 237
(R.I. 2002)). By the plain language of § 45-19-1(c), a "fire fighter" is "any . . . member of the fire department . . . and any person employed as a member of the fire department. . . ." Therefore, if Mr. McCain was employed as a member of the fire department, he will be considered a "fire fighter" and qualify for benefits under the statutory scheme.
In Angell v. Union Fire District of South Kingstown,935 A.2d 943 (R.I. 2007), our Supreme Court considered whether a volunteer fire fighter was covered under § 45-19-1. There, the court noted that "[t]he resolution of th[e] case . . . rest[ed] in large part on the definition of `employed' as it is used in" the statute.Id. at 946. After finding that an "employee" is one who works for compensation and that the Legislature included separate statutory provisions for volunteer firefighters, the court concluded that volunteer firefighters are not covered by § 45-19-1.See id. at 947. Our high court has also examined the applicability of § 45-19-1 in Terrano v. State Department ofCorrections, 573 A.2d 1181 (R.I. 1990). There, the court considered whether a State Marshal fell under the statute's definition of "police officer." The definition of "police officer" provided in the statute is similar to that of "fire fighter." It "means and includes any chief or other member of the police department of any city or town regularly employed at a fixed salary or wage. . . ." R.I. Gen. Laws 1956 § 45-19-1(b). Based on this definition, the court found that State Marshals "are not members of the police department. They are by definition employees of the State of Rhode Island, Department of Corrections. . . ."Terrano, 573 A.2d at 1184. *Page 6 
The Town urges this Court to consider the 2007 amendments to § 45-19-1 when determining whether Mr. McCain is a "fire fighter." It argues that the General Assembly must have meant "fire fighter" to include only first responders because the amendments add provisions dealing expressly with emergency situations. However, "[i]t is a fundamental principle of statutory construction in this state that when a statute's meaning is plain, clear, and unambiguous, no interpretation is required and the court must construe the statute pursuant to its plain and ordinary meaning."Delicato v. Board of Review, Department of Employment andTraining, 643 A.2d 216, 221 (R.I. 1994) (citing Krupa v.Murray, 557 A.2d 868, 869 (R.I. 1989)).
The language of § 45-19-1 is clear and requires no interpretation. As such, this Court is required to read the statute as it existed at the time of Mr. McCain's accident without reference to any future amendments.[1] Although Mr. McCain may not be a "firefighter" in the traditional sense, he clearly falls under the definition provided by § 45-19-1(c) because he is a "person employed as a member of the fire department." When hired, a memorandum was written to the Chief notifying him that "Mr. McCain has been hired as a Firefighter 3rd Class." Moreover, the identification card issued to Mr. McCain expressly indicates that he "is a member of the North Providence Fire Department." Because Mr. McCain was employed by the fire department at the time of his injury, his situation is not analogous to either Angell orTerrano. Mr. McCain was neither a volunteer, nor a member of a separate agency or department. The broad definition of "fire fighter" contained in § 45-19-1(c) is clear and unambiguous. It includes those — like Mr. *Page 7 
McCain — who are employed as members of a fire department. Consequently, this Court declares that Mr. McCain is a "fire fighter" within the meaning of § 45-19-1(c).
2. Writ of Mandamus
"A writ of mandamus is an extreme remedy that will be issued only when: (1) the petitioner has a clear legal right to the relief sought, (2) the respondent has a ministerial duty to perform the requested act without discretion to refuse, and (3) the petitioner has no adequate remedy at law." New England Development, LLC v.Berg, 913 A.2d 363, 368 (R.I. 2007) (citing Union StationAssociates v. Rossi, 862 A.2d 185, 193 (R.I. 2004)). Because mandamus is an extraordinary remedy, "[o]nce these prerequisites have been shown, it is within the sound discretion of the Superior Court justice to ultimately issue the writ." Martone v. JohnstonSchool Committee, 824 A.2d 426 (R.I. 2003) (citing Wood v.Lussier, 416 A.2d 690, 693 (R.I. 1980)). In this case, the Court has declared that Mr. McCain is a "fire fighter" within the meaning of § 45-19-1. Should the Town continue to deny the benefits provided by this statute, Mr. McCain can follow the grievance procedure set forth in the CBA. In light of this declaratory relief, Mr. McCain now has an adequate remedy at law, and the Court declines his request for a writ of mandamus.
 Conclusion
For the foregoing reasons, the Court finds that Mr. McCain falls under the broad definition of firefighter in § 45-19-1. The Court will issue a declaratory judgment to that effect, but declines to issue a writ of mandamus. The parties maintain the right to seek any necessary further relief.
[1] Even if it were proper to consider these later amendments, the amendments do not clarify the definition of fire fighter. Before the amendments, any injury received during the performance of a fire fighter's duties would qualify him for § 45-19-1 benefits. In its current form, however, the statute requires the fire fighter to prove that the injury was sustained during a life threatening emergency situation. Instead of narrowing the class of persons who can recover under § 45-19-1, the amendments only narrow the types of injuries which are compensable. As such, they do nothing to clarify who the General Assembly intended to include within the unambiguously defined term "fire fighter."