David C. Scott, Jr. *et al vs.* Hope-Olney Realty, Inc. *et al.*

JULY 26, 1955.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'Connell, J. This bill in equity was brought to enjoin the respondents from making alterations and continuing certain activities under a building permit. After a hearing in the superior court on bill, answer and proof the trial justice denied respondents' motion to dismiss the bill and entered a decree in which he granted the relief prayed for, declared the permit for building alterations to be a nullity in law, and enjoined the issuance of the certificate of occupancy and further action under the permit. From that decree the respondents have prosecuted their appeal to this court.

It appears that the land and building involved herein are located on the northeast corner of Hope and Olney streets in the city of Providence. The building was used as

a fire station by said city from 1891 to May 16, 1950, when such use was discontinued and the property was offered for sale by the city property committee. At a public auction held on May 17, 1951 it was sold for $28,000 and on July 16, 1951 conveyance was made to respondent Hope-Olney Realty, Inc., which thereupon entered into possession.

On October 24, 1951 said respondent submitted alteration plans to the building inspector and applied for a permit for building alterations, which was granted. In November 1951 construction was commenced in accordance with this permit. A certificate of occupancy was applied for on October 24, 1951 but no action has ever been taken thereon by the building inspector.

In their bill of complaint the complainants claim that such acts of the respondents are arbitrary and contrary to law and constitute unlawful infringements and invasions of their rights and interests as owners and occupants of their residences in the zone R-1 district in which the building in question is located. They pray that the corporate respondents be permanently enjoined and restrained from making or attempting to make the contemplated alterations pursuant to the permit, and from proceeding in any manner to change or prepare the building for occupancy as proposed in the application. They further pray that the permit previously issued be declared invalid and void and that the inspector of buildings be enjoined and restrained from issuing a certificate of occupancy.

In their reasons of appeal respondents contend that the superior court was without jurisdiction to entertain the bill of complaint, because general laws 1938, chapter 342, §8, provides the exclusive method of appeal in the existing circumstances, and they further claim that such court lacked jurisdiction because complainants had failed to exhaust their statutory or administrative remedies.

An examination of the pertinent zoning ordinance of the city of Providence, approved September 21, 1951, shows

that chapter 544, art. VIII, secs. 81 and 82, confer upon the inspector of buildings the authority to issue building permits and certificates of occupancy. The 1951 ordinance created a board of review with appellate jurisdiction as provided in G. L. 1938, chap. 342, §8, the general enabling act. Among the powers therein granted is the right "To hear and decide appeals where it is alleged there is *error* in any order, requirement, *decision or determination made by an administrative officer* in the enforcement of this chapter or of any ordinance adopted pursuant thereto." (italics ours) From the action of the board of review in such matters, an appeal is provided to this court by certiorari.

The law in this state is well established that one cannot proceed in equity where there is an adequate statutory remedy. In *New England Tel. & Tel. Co.* v. *Kennelly,* 75 R. I. 422, this court stated at page 431: "We are of the opinion that where an adequate statutory remedy is provided the company cannot first proceed in equity * * *." See also cases cited in that opinion. Moreover this court has considered the particular procedural question here involved and has held that a court of equity may not entertain a bill to enjoin the operation of a building permit but that the proper procedure is to pursue one's remedy by appeal to the zoning board of review. *Seidner, Inc.* v. *Ralston Purina Co.,* 67 R. I. 436. Incidentally it may be pointed out that complainants have taken the precaution of filing an appeal to the zoning board of review from the action of the building inspector in granting a permit to structurally alter the building involved, and that proceeding is still open to them. In such action all the issues presented here may be determined and decided in accordance with the statute and the provisions of the zoning act.

The complainants contend, however, that they have no adequate remedy by statute or ordinance, and in support of such contention they cite *M. & L. Die & Tool Co.* v. *Board of Review,* 77 R. I. 443. We cannot agree with this

contention. That case is clearly distinguishable, because petitioner's application therein expressly requested the inspector of buildings to "confirm its claim of right to use" the premises described in the petition in the manner therein requested "as an appropriate nonconforming use, by granting and issuing the permit" applied for. The petitioner there clearly indicated that it was not seeking a permit to build or to alter an existing building or to secure an exception or a variance under the zoning ordinance.

This court held that there was no statutory authority or zoning ordinance which granted to the inspector of buildings the right to grant a permit to continue or to enlarge any "use" of a building as a nonconforming use or to "confirm" a right to a change from one nonconforming use in a residential district to a different nonconforming use in the same zoning category. For that reason the court concluded that the decision of the inspector of buildings, even though resulting in the denial of the application, was clearly an exercise of power in excess of his jurisdiction and a nullity in law, and that in these circumstances there was no proper decision for review before the zoning board.

In the instant cause, however, authority to issue the permits involved herein is expressly provided by chap. 544, art. VIII, secs. 81 and 82, of the 1951 zoning ordinance. From the issuance of such permits, an appeal to the zoning board of review is provided by statute and ordinance. The ordinance also provides that an appeal thereunder shall stay all proceedings in furtherance of the action appealed from. Therefore there is another and adequate remedy available to the complainants under the zoning ordinance.

For the reasons stated, we are of the opinion that the bill in equity should have been denied on the ground that the complainants had not exhausted their statutory or administrative remedies.

The respondents' appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior

court for the entry of a decree in accordance with this opinion.

*Francis I. McCanna, Edward M. McEntee, Francis A. Kelleher,* for complainants.

*William E. McCabe, City Solicitor, Harry Goldstein, Ass't City Solicitor,* for respondent Inspector of Buildings.

*Coffey, Ward, Hoban & McGovern, Letts & Quinn, John G. Coffey, Frank Licht, Alan S. Flink,* for the other respondents.