**222 A.2d 361.**

YELLOW CAB CO. OF PROVIDENCE *vs.* PUBLIC UTILITY HEARING BOARD.

SEPTEMBER 14, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.   This is an appeal from a decision of the
public utility hearing board ordering the issuance of cer-
tificates of convenience and necessity for the operation of
two taxicabs within the city of Providence.   The appeal
was prosecuted pursuant to the provisions of G. L. 1956,
§39-5-14, which authorize any party in interest aggrieved
by an order of the hearing board to appeal to the supreme
court for a reversal of such order.

It is not disputed that the applications for the certificates
in question were made by two individuals in 1962, each
seeking authority to operate one taxicab within the said city
of Providence.   The applications were made under the per-
tinent provisions of §39-14-3, were heard by the public util-
ity administrator in July 1964, and were by him denied in
a decision issued on November 9, 1964.   From this decision
the applicants appealed to the public utility hearing board
under the provisions of §39-5-9, and the board thereafter
reversed the decision of the administrator and ordered the
certificates to issue.   It is from that decision that petitioner
is prosecuting the instant appeal in this court.

Before us the applicants argued, in substance, that this
court is without jurisdiction to hear and determine an ap-
peal prosecuted from the decision of the hearing board pur-
suant to §39-5-14, that statute having been repealed by
necessary implication when in 1962 the legislature enacted
the administrative procedures act, so called, G. L. 1956,
chap. 35 of title 42.   They direct our attention particularly
to §42-35-15 of that act, which provides that final decisions
of administrative agencies shall be afforded a judicial re-
view in the superior court.   In our opinion there is merit
in this contention.

The administrative procedures act became effective on

January 1, 1964 and provides that any person who, having exhausted the administrative remedies made available to him within an agency, and who is aggrieved by a final decision of such agency may institute proceedings for such judicial review by filing in the superior court a bill of complaint within thirty days after the mailing of notice of the final decision of the agency. We are constrained to conclude that said §42-35-15 furnishes a method for obtaining judicial review of administrative decisions that must be followed, barring peculiar circumstances, when the agency is not one of those expressly exempted from the provisions of the statute in §42-35-18 thereof. The public utility hearing board is not one of the agencies exempted by the provisions of that section. However, we reiterate that which we pointed out in *Hardman* v. *Personnel Appeal Board*, 100 R. I. 145, 211 A.2d 660, that is, that the provisions of §42-35-15 do not divest this court of its inherent jurisdiction to provide an adequate remedy where there is in the circumstances of the case no adequate remedy at law available.

The instant case is within the purview of the decision of this court in *Nocera Bros. Liquor Mart, Inc.* v. *Liquor Control Hearing Board,* 100 R. I. 644, 218 A.2d 659. In that opinion we sought to make clear the fact that the provisions of §42-35-15 do not strike down those statutory provisions which give an administrative review through the instrumentality of the hearing board or appeal board within the agency. It is our opinion that such administrative review was intended to be preserved as constituting an integral component of an adequate administrative remedy, the exhaustion of which is prerequisite to judicial review under §42-35-15. We went on to conclude, however, that the judicial review provisions of the administrative procedures act do, by necessary implication at least, repeal the provisions of the liquor control legislation which gave

a direct appeal by way of certiorari to the supreme court to final decisions of the liquor control hearing board. It is our opinion that the same reasoning applies to the instant case and final decisions of the public utility hearing board.

In short, when administrative remedies available within an agency have been exhausted and the decision of the agency has become final, judicial review by a justice of the superior court pursuant to the provisions of §42-35-15 is the only remedy available if it constitutes a remedy adequate at law in all of the circumstances of the case. Because we take this view, we conclude that the appeal directly from the hearing board to this court provided for in §39-5-14 is no longer available.

The appeal is denied and dismissed, the order appealed from is affirmed, and the records in the case are ordered sent back to the respondent board.

*Albert J. Hoban,* for petitioner.

*J. Joseph Nugent,* Attorney General, for respondent.

*Americo Campanella,* for applicants.