224 A.2d 608.

A & B Holding Company, Inc. *vs.* Zoning Board of Review of the Town of Johnston.

December 7, 1966.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is a petition for certiorari brought to review a decision of the respondent board quashing a building permit issued to the petitioner. Pursuant to the writ the board has made due return of its pertinent records.

It appears from these records as well as from the allegations contained in the petition for certiorari that on June 3, 1965 the building inspector of the town of Johnston granted petitioner a permit to construct an office building on one of the two lots into which a tract of land situated in a business D district had been subdivided with the approval of the local planning board. Pursuant to that permit construction was commenced and after the cellar had been excavated and cement for the foundation poured further work was enjoined by a decree of the superior court in a suit brought by Pike Realty Company, an owner of adjoining land, against petitioner, the members of the planning board, and certain other persons who are strangers in this proceeding. The purpose of that proceeding, as far as we can ascertain, was to test the validity of the planning board's approval.

Thereafter, on July 20, 1965 Pike Realty Company, the complainant in the equity suit, claimed an appeal to the zoning board from the issuance of the building permit. It was heard on September 30, 1965. The record does not contain a stenographic transcript nor does it include either the application for the building permit or a copy of that permit. Instead it is limited to a bare summary by the clerk of the arguments by counsel for the parties.[1]

---

1. "Mr. Francis Manzi, Esquire, of 1008 Industrial Bank Building representing the A & B Holding Company stated that he appeared before the Planning Board on behalf of the A & B Holding Company and asked for a subdivision of the property, which was granted. Mr. Manzi feels that it is up to the court to decide whether or not the building permit is proper.

On March 16, 1966, more than five months after hearing the case, the board sustained the appeal and in effect revoked petitioner's building permit. Without indicating, except perhaps by inference, that it considered the planning board's approval of the proposed subdivision a nullity and that absent such an approval the permit could not legally have issued, the board purported to predicate its revocation upon findings that the construction of the proposed building would result in an undue overcrowding of the land, would increase the danger from fire and other perils, and would add to traffic congestion in the area. Those findings, the decision recited, were made in partial reliance upon what the board saw when it inspected the premises and what it knew of the general location of the proposed building.

The petitioner advances three reasons for quashing that decision. It urges first, that the record contains no legally competent evidence upon which the revocation of the permit can be premised; second, that administrative action by the board should have been deferred pending judicial resolution of the pending suit in the superior court; and lastly, that the appeal was not seasonably taken.

It is obvious that the record before us, even when liberally supplemented by whatever relevant allegations are found in the petition for certiorari, is so sparse and scanty as to make it impossible for us either to determine the basis upon which the board acted or to pass on the merits of any of petitioner's contentions.

We consider them seriatim. As to the first contention, the board's findings that the land was overcrowded and the

"Mr. DiStefano, attorney for the Pike Realty Company argued that in order for him to go to Superior Court the Zoning Board of Review would have to quash the permit first, and then the Superior Court acts. He also stated that the Planning Board did not act on the request of the A & B Holding Company because no subdivision is required if there are no new streets."

hazards increased, while perhaps germane to a decision denying an application for an exception or a variance, are entirely without relevance here if, as the record seems to indicate, the only issue before the board on the appeal was the validity of the permit authorizing petitioner to utilize its land as subdivided for a permitted use.

The second contention is premised upon petitioner's erroneous hypothesis that the record discloses that the issue in the suit pending in the superior court is substantially identical to that decided by the board on this appeal. Even were this so, it would be of no assistance to petitioner on its theory of the case for the rule, rather than requiring that a zoning board yield to the equity court, demands that an applicant exhaust his administrative remedies prior to seeking equitable relief. *Otto Seidner, Inc.* v. *Ralston Purina Co.,* 67 R. I. 436; *Scott* v. *Hope-Olney Realty, Inc.,* 83 R. I. 331; *Nardi* v. *City of Providence,* 89 R. I. 437.

And finally, the record is incomplete because it fails to reveal when petitioner commenced construction, the extent of the work done and the expenses it incurred, and the length of time that the remonstrant, after first learning that construction had started, stood idly by without taking any steps either to prevent continued work on the project or to advise petitioner of its intention to challenge the legality of the permit. These deficiencies make it impossible for us to apply the standards fixed in *Elmcrest Realty Co.* v. *Zoning Board of Review,* 78 R. I. 432, and thereby to determine whether the remonstrant's delay of forty-eight days in claiming an appeal was excusable or whether instead the appeal should have been dismissed because not taken within a reasonable time.

In these circumstances it would be mere speculation were we to attempt either to relate the board's specific findings to the record or to ascertain therefrom any other factual bases upon which its decision can rest. Initially, of course,

the parties should have presented sufficient competent evidence in support of their respective positions so that the board could in its decision point to those evidentiary facts upon which it grounded its ultimate determination. Assuming that this was done, although the record does not so indicate, it then, as we have said so often, became the duty of the board to keep at least a fair record of the proceedings. The record before us does not disclose that either of these obligations was fulfilled. In the circumstances it is our opinion that the ends of justice will best be served if we remand the cause to the board for its reconsideration and for a clarification of its decision.

The petition for certiorari is granted, the decision of the respondent board is quashed, and the records certified to this court are ordered returned to the board with instructions to reconsider the appeal in accordance with this opinion, reserving to the board the right to hear further evidence after giving the same kind of public notice as was required for the hearing on the original appeal, as well as due notice to the parties in interest. The board shall fix a reasonable time for such hearing and shall decide the appeal within a reasonable time. Jurisdiction for review of the board's subsequent decision is hereby retained in this court, which jurisdiction may be invoked by either party within thirty days after the filing of any new decision in the office of the board.

POWERS, J., dissenting. I am unable to concur with the majority's conclusion that the record in this cause should be remanded to the respondent board for reconsideration of the appeal from the building inspector and authorizing the board to receive additional evidence by way of another hearing, after due notice, if such further hearing seems advisable.

Although the record is admittedly meager and sparse, it is in my opinion sufficiently informative to establish that

petitioner is the owner of a parcel of land located in a business D district within which an office building is a permitted use, and that petitioner applied to the building inspector for a permit to construct such a building as a matter of right.

Further it seems clear from the board's decision that it overruled the building inspector because, notwithstanding that the building sought to be erected was authorized by the ordinance, in the judgment of the board such a building would be adverse to the public health, safety and welfare. However, a building permit that has been issued by the building inspector for an authorized use may not be recalled by a zoning board by reason of such a determination. In *Ralston Purina Co.* v. *Zoning Board*, 64 R. I. 197, this court in passing on that question stated at pages 202 and 203:

"It is, however, further argued, in support of the board's decision, that there was a sound discretion vested in the board, in the interest of the public health and the general welfare, to grant or deny the petitioner's application, and that, after weighing carefully all the facts and circumstances appearing before it, the board came to a decision which cannot be considered arbitrary or unreasonable. In our opinion the board has no such general discretionary power as is here claimed."

Continuing, we stated:

"The enabling acts, P. L. 1922, chap. 2299, as amended by P. L. 1925, chap. 746, authorized the town council of Westerly to enact a zoning ordinance for the purpose of promoting the health, safety, morals or the general welfare of that community. The town council passed the ordinance now under consideration and presumably, in establishing districts, uses, areas, exceptions and other like matters, exercised the discretion vested in it by the enabling acts so as to carry out the purpose expressed therein. The zoning board, however, is merely a body appointed by the town council, under the provisions of the enabling acts and

of the ordinance, to assist in administering such ordinance.

"All the powers of such board are derived from the enabling acts and the ordinance and must be found therein. An examination of such acts and of the ordinance shows that only in passing upon exceptions to and variations from the provisions of the ordinance, including the matter of special permits, is the board given any such discretion as is now urged on its behalf."

There are, of course, the proceedings pending in the superior court which have resulted, we are advised by all parties, in enjoining the instant petitioner from going forward with the construction of the proposed office building pending a determination of the issue before that court even though the decision of the board is quashed in these proceedings.

As pointed out in the majority opinion the plaintiff in the superior court cannot proceed there with the question it has raised as to the validity of a subdivision until there is finality here.

It seems to me, therefore, that the validity of the building inspector's issuance of the building permit should be resolved with finality here. So for these reasons I agree that the decision of the board should be quashed, but disagree that the cause should be remanded for further proceedings.

*Francis A. Manzi,* for petitioner.

*John P. Bourcier,* Town Solicitor, for respondent.

*Christopher T. DelSesto, Jr.,* for Pike Realty Company.