**Edith CHASE et al.**

v.

**Edward P. MOUSSEAU et al.**

**No. 80–386–Appeal.**

Supreme Court of Rhode Island.

Aug. 3, 1982.

S. Arlene Violet, Providence, for plaintiffs.

V. James Santaniello, Providence, for defendants.

## OPINION

MURRAY, Justice.

Edith Chase is the mother of Randy Barbrie, a handicapped student who in 1979 underwent a psychiatric evaluation by Dr. Joseph Zucker. The defendants are the members of the Cumberland School Committee (the committee) and Bernard Kenny (also a committee member) in his capacity as special education director for the town of Cumberland. The evaluation was requested and paid for by the defendant members of the committee, which was responsible for devising an individualized education program for Randy. Doctor Zucker's report, which included an evaluation of Mrs. Chase, was to be presented by the committee as evidence in an administrative hearing initiated by the plaintiff pursuant to "The Board of Regents Regulations Governing the Education of Handicapped Children."

The procedural history of this case is quite extensive. There were, in fact, two hearings involved, and after each one Mrs. Chase sought injunctive and declaratory relief. The appeal now before this court concerns the second set of proceedings. However, discussion of both stages of the proceedings is essential to an understanding of the facts and issues of this case.

On January 24, 1980, Mrs. Chase filed a claim for a hearing against the Cumberland School Committee, and Thomas M. Grochowski was appointed hearing officer. At the hearing, Mrs. Chase objected that the hearing officer could not be impartial since he was also an elected member of the Woonsocket School Committee. Mrs. Chase also objected to the introduction of Dr. Zucker's psychiatric report on the grounds that it unduly revealed personal information about her as well as about her son and that its use at the hearing violated the

Confidentiality of Health Care Information Act, G.L.1956 (1976 Reenactment) §§ 5–37.- 3–1 to –10.

On or about February 14, 1980, Mrs. Chase filed a complaint in Superior Court, seeking declaratory and injunctive relief that would prevent the school committee from utilizing or transmitting the psychiatric report. The parties submitted the case to the trial justice on an agreed statement of facts and exhibits. On March 12, 1980, judgment was entered denying Mrs. Chase's claim and finding that the Cumberland School Committee was entitled to present Dr. Zucker's testimony and report at the hearing. This judgment was not appealed.

The hearing concluded with a determination that was apparently adverse to Mrs. Chase and her son, for she filed an administrative appeal to the State Commissioner of Education. However, on June 4, 1980, while this appeal was pending, the Commissioner of Education issued an "Interpretation of Special Education of Handicapped Children Regulations" that indicated, in effect, that the original officer could not be both an impartial hearing officer and an elected school-committee member. The administrative claim of Mrs. Chase and her son was therefore remanded for a hearing *de novo* with a different hearing officer.

On July 15, 1980, before the new hearing was held, Mrs. Chase filed this complaint in the Superior Court. The five-count complaint requests money damages and declaratory and injunctive relief and deals principally with Dr. Zucker's report.

The defendants filed a motion to dismiss which was heard by a justice of the Superior Court on July 23, 1980. The motion was granted, and Mrs. Chase in turn filed a motion to set aside the judgment. On August 13, 1980, this motion was heard and denied by another justice of the Superior Court.

The defendants based their motion to dismiss on the grounds, *inter alia*, of mootness,

res judicata, and failure to exhaust administrative remedies. These arguments are well founded with respect to counts 1, 2, and 5 of the complaint.

■ After the dismissal of her complaint, the hearing *de novo* on Mrs. Chase's claim resumed with a new hearing officer and again concluded with a determination that was adverse to Mrs. Chase.[1] Thus, count 1, which seeks to enjoin introduction of Dr. Zucker's report at that hearing, is clearly moot. As a general rule, this court will only review cases involving issues in dispute and will refrain from considering moot questions. *Edward A. Sherman Publishing Co. v. Goldberg*, R.I., 443 A.2d 1252, 1256 n.6 (1982); *Morris v. D'Amario*, R.I., 416 A.2d 137, 139 (1980). Even if the issue raised in count 1 were not moot, the doctrine of res judicata would preclude us from considering it. The judgment entered in the first action brought by Mrs. Chase explicitly provided that "the Cumberland School Committee already has Dr. Zucker's report and is entitled to have it presented, with his testimony, in the Hearing Process before the Hearing Officer in order to reach a determination of the needs of the student." Where, as in the instant case, a particular dispute involving the same parties has already been litigated, and a final judgment has been entered, the doctrine of res judicata is an absolute bar to relitigation of that claim. *Zalobowski v. New England Teamsters and Trucking Industry Pension Fund*, R.I., 410 A.2d 436 (1980); *Gnys v. Amica Mutual Insurance Co.*, R.I., 396 A.2d 107 (1979).

■ Count 2, which alleges that the committee failed to provide Mrs. Chase's son with a proper education, is also barred. This claim is governed by G.L.1956 (1969 Reenactment) §§ 16–39–1 to –7 which provide for an administrative review process of "any matter of dispute * * * arising under any law relating to schools or education"

---

1. In an affidavit filed on behalf of defendants, their attorney V. James Santaniello stated that Mrs. Chase's subsequent administrative appeal to the Commissioner of Education was denied on October 30, 1980. Mrs. Chase's son Randy returned to school in Cumberland on December 1, 1980.

(§ 16–39–1) and "any decision or doings of any school committee" (§ 16–39–2). Moreover, two of the authorities relied upon by Mrs. Chase, 20 U.S.C.A. § 1415 (1978) and "The Board of Regents Regulations Governing the Education of Handicapped Children", also provide for an administrative hearing process. It is well established that a plaintiff must exhaust administrative remedies before seeking judicial review, and failure to do so may, at the court's discretion, warrant dismissal of the claim. *Jacob v. Burke*, 110 R.I. 661, 296 A.2d 456 (1972). *See also A & B Holding Co. v. Zoning Board of Review of Johnston*, 101 R.I. 465, 224 A.2d 608 (1966); *Yellow Cab Co. of Providence v. Public Utility Hearing Board*, 101 R.I. 296, 222 A.2d 361 (1966).

■ Count 5 alleges that the committee appointed Dr. Zucker as its agent, that he evaluated Mrs. Chase's son and made a report of his evaluation, and that he gave the report to the Cumberland special-education department. This count requests a declaratory judgment that this was a violation § 5–37–3.4 of the Confidentiality of Health Care Information Act, § 5–37–3.1.[2] This claim is clearly barred by res judicata. The trial justice in the first action found that "the Cumberland School Committee has the same knowledge today, by law, that Dr. Zucker has. * * * So there isn't any question of releasing the information. The School Committee already has it." Thus, any claim regarding disclosure of the report to the committee—or its component, the special education department—has already been determined.

■ In count 3, Mrs. Chase alleges that defendant Bernard Kenny, in his capacity as special education director for the town of Cumberland, violated the Confidentiality of Health Care Information Act, *supra*, by disclosing the disputed psychiatric report to several individuals who were not members of the Cumberland School Department.

Count 4 alleges another violation of the act by defendant Kenny—specifically, his failure to establish policies and procedure for protecting the confidentiality of records received by the special education department. Both counts seek declaratory relief as well as money damages.

The claims raised in counts 3 and 4 are not appropriate matters for declaratory judgment. Section 9–30–12 of the Uniform Declaratory Judgment Act, G.L.1956 (1969 Reenactment), states that the purpose of declaratory judgment is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations * * *." In *Millett v. Hoisting Engineers' Licensing Division of the Department of Labor*, R.I., 377 A.2d 229, 233 (1977), this court noted that a declaratory-judgment action is also intended "to render disputes concerning the legal rights and duties of parties justiciable *without proof of a wrong committed by one party against another* * * *." (Emphasis added.) Declaratory judgment is not the proper vehicle to litigate an alleged statutory violation which entails criminal and civil penalties. Moreover, the act does not provide for affirmative relief such as money damages. *Liguori v. Aetna Casualty and Surety Co.*, R.I., 384 A.2d 308 (1978).

However, although Mrs. Chase's request for declaratory judgment in counts 3 and 4 is inappropriate, her cause of action for damages in those counts should not have been dismissed. The joinder of claims for declaratory judgment and for money damages is permissible under the liberal provisions of Rule 18 of the Superior Court Rules of Civil Procedure. *See Duffy v. Mollo*, R.I., 400 A.2d 263, 267 (1979); 1 Kent, *R.I. Civ.Prac.* § 57.3 at 428 (1969). The "substantial justice" guideline of Super.R.Civ.P. 8(f)[3] also indicates that Mrs. Chase's action for money damages on counts 3 and 4 should be preserved.

---

2. Count 5 actually names defendant Kenny in the request for declaratory judgment. We presume that the prayer is in error in naming defendant Kenny and meant instead to name the defendant committee.

3. Rule 8(f) of the Superior Court Rules of Civil Procedure states, "[a]ll pleadings shall be so construed as to do substantial justice."

Mrs. Chase has also appealed from the denial of her motion to set aside the judgment. However, in view of our holding on the underlying judgment, it is not necessary to address this issue.

The plaintiff's appeal is denied in part and granted in part. We affirm that portion of the judgment which dismisses counts 1, 2, and 5. We reverse that portion of the judgment which dismisses the action for money damages in counts 3 and 4. The case is remanded to the Superior Court for further proceedings in conformity with this opinion.