Paul DOIRE

v.

The COMMERCE INSURANCE COMPANY.

No. 95–667–Appeal.

Supreme Court of Rhode Island.

March 19, 1997.

Mark L. Smith, North Smithfield.

Peter Mathieu, Providence.

### ORDER

The plaintiff, Paul Doire (Doire), appeals from a Superior Court order dismissing his declaratory-judgment complaint against the defendant, The Commerce Insurance Company (Commerce).[1] In December 1985 Doire was allegedly injured as the result of being hit by an automobile driven by Gary Olson (Olson), who was insured by Commerce. In May 1993 Doire obtained a default judgment against Olson, but it was not until July 1994 that Doire discovered that Commerce was Olson's liability-insurance carrier. When Doire sought to recover from Commerce the amount of the default judgment, Commerce refused payment because of Olson's failure to provide it with timely notice of the accident. Doire filed a declaratory-judgment action in Superior Court against Commerce, requesting that the court declare that coverage exists and that Commerce was liable for the default-judgment amount under G.L.1956 § 27–7–2 ("[t]he injured party, * * * after having obtained judgment against the insured alone, may proceed on that judgment in a separate action against the insurer"). Commerce answered and shortly thereafter filed a motion for summary judgment. The motion justice, treating Commerce's motion as one to dismiss, determined that Doire's proper remedy against Commerce was by a direct suit under § 27–7–2 and not by a

---

1. Pursuant to an order, Doire appeared before us to show cause why the issues raised in his appeal should not be summarily decided. After hearing the arguments of counsel for the parties and reviewing their memoranda, we perceive no cause and therefore proceed to decide this matter without further briefing or argument.

declaratory-judgment action. Consequently the motion justice dismissed the action without reaching the merits of Doire's claim, and Doire appealed to this court. We now reverse.

In *Chase v. Mousseau*, 448 A.2d 1221, 1224 (R.I.1982), we held that a

> "[d]eclaratory judgment is not the proper vehicle to litigate an alleged statutory violation which entails criminal and civil penalties. Moreover, the [Uniform Declaratory Judgments] [A]ct does not provide for affirmative relief such as money damages.
>
> "However, *although * * * [the] request for declaratory judgment * * * is inappropriate, * * * [the] cause of action for damages * * * should not have been dismissed.* The joinder of claims for declaratory judgment and for money damages is permissible under the liberal provisions of Rule 18 of the Superior Court Rules of Civil Procedure." (Emphasis added.)

Although Doire's case does not involve any alleged statutory violations that could give rise to criminal or civil penalties, it does include a statutorily authorized request for judgment against the insurer. Thus the liberal-joinder principle we embraced in *Chase* is equally applicable to this matter. As a result the motion justice should not have dismissed Doire's attempt to enforce the default judgment directly against Commerce. Rather, the court should have allowed Doire to pursue his direct statutory claim against Commerce under § 27-7-2 in the present action. The court should have then proceeded to address the merits of Doire's statutory claim and Commerce's defenses thereto.

For the foregoing reasons the plaintiff's appeal is sustained, and the order appealed from is vacated. The papers of the case may be remanded to the Superior Court for further proceedings in conformity with this order.