**Rui R. RODRIGUES**

v.

**RHODE ISLAND DEPARTMENT OF EDUCATION; Peter McWalters in His Capacity as Commissioner of Education.**

**No. 97–19–Appeal.**

Supreme Court of Rhode Island.

July 11, 1997.

---

Richard A. Skolnik, Providence, for Plaintiff.

Elizabeth A. Wallace, for Defendant.

Before WEISBERGER, C.J., and FLANDERS and GOLDBERG, JJ.

## OPINION

**PER CURIAM.**

This matter came before the Supreme Court on June 17, 1997, pursuant to an order directing both parties to show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Rui R. Rodrigues (plaintiff), has appealed from a Superior Court judgment granting a motion to dismiss in favor of the Rhode Island Department of Education (department or defendant) and Peter McWalters in his capacity as commissioner of education (defendant).

After hearing the arguments of counsel and examining the memoranda of the parties, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

The facts and travel of the case indicate that in October 1995, defendant department notified plaintiff it was recommending the revocation of his professional teaching certificate. Pursuant to the G.L.1956 chapter 35 of title 42, plaintiff requested a hearing on the matter. Before the commencement of the hearing, however, plaintiff moved to disqualify the appointed hearing officer, Kathleen Murray (Murray), and moved for the appointment of an independent hearing officer. The plaintiff alleged that Murray, who is legal counsel to defendant department, was biased in favor of the department. The plaintiff based this allegation on a close working relationship Murray had with the appointed prosecutor, Paul Pontarelli (Pontarelli), who was also legal counsel for the department. The hearing officer stayed the proceedings and made no ruling on the motion to disqualify.

The plaintiff then filed an action in Superior Court, seeking declaratory and injunctive relief. The court granted defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure for failure to state a claim upon which relief could be granted. We now affirm the judgement of the Superior Court.

In passing upon the issue of whether a trial justice has properly granted a dismissal motion pursuant to Rule 12(b)(6), "this court examines the allegations contained in the plaintiff's complaint, assumes them to be true, and views them in the light most favorable to the plaintiff." *Ellis v. Rhode Island Public Transit Authority*, 586 A.2d 1055, 1057 (R.I.1991). "When it appears clear beyond a reasonable doubt that plaintiff would not be entitled to relief under any set of facts, a motion made pursuant to Rule 12(b)(6) should be granted." *Solomon v. Progressive Casualty Insurance Co.*, 685 A.2d 1073, 1074 (R.I.1996).

We are of the opinion that the trial justice properly granted the motion to dismiss. A review of the complaint discloses that plaintiff in count 1 alleged that it was inappropriate for the department to appoint Murray to act as hearing officer because she and Pontarelli worked so closely together. The plaintiff also alleged that the case

presented numerous constitutional and statutory violations, specifically a violation of his due-process rights. In count 2 plaintiff further alleged that the third attorney for the department, Forrest Avila, also had a close working relationship with both Murray and Pontarelli and, therefore, would be likewise inappropriate as the designated hearing officer. The plaintiff also sought an injunction prohibiting the department from conducting the hearing unless and until an independent hearing officer was appointed.

"It is well-settled law in Rhode Island that a plaintiff aggrieved by agency action must first exhaust his or her administrative remedies before bringing a claim before this court." *Burns v. Sundlun,* 617 A.2d 114, 116 (R.I.1992). In the case at bar plaintiff filed his complaint before the administrative hearing commenced. The plaintiff might very well succeed at the administrative level, thus obviating the need for judicial intervention, or if unsuccessful before the administrative hearing officer, plaintiff will have preserved the issue for judicial review aided by a record containing findings of fact and conclusions of law. *See id.* Therefore, it was proper for the trial justice to dismiss the complaint upon the basis of a failure to exhaust administrative remedies.

Having reviewed the allegations contained in plaintiff's complaint, assuming them to be true and viewing them in the light most favorable to plaintiff, we find that it appears clear beyond a reasonable doubt that plaintiff would not be entitled to relief under any set of facts.

In so holding, we hasten to add that the dismissal is without prejudice and does not preclude the parties from litigating the issues at the administrative level.

Consequently the appeal is denied and dismissed, and the judgment appealed from is affirmed. The papers in the case may be returned to the Superior Court.

LEDERBERG and BOURCIER, JJ., not participating.