Jose ALMEIDA

v.

**PLASTERS' AND CEMENT MASONS' LOCAL 40 PENSION FUND.**

No. 97–515–Appeal.

Supreme Court of Rhode Island.

Nov. 12, 1998.

Bruce D. Sawyer, Lincoln, for plaintiff.

Joseph Avanzato, Craig J. Coffey, Providence, for defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This appeal challenges a Superior Court decision to enter a judgment dismissing a complaint without prejudice to the plaintiff's later refiling of the action, after he has exhausted whatever administrative remedies he may have. The defendant, Plasterers' and Cement Masons' Local 40 (union) Pension Fund (fund), appeals from a summary judgment dismissing the complaint of the plaintiff, Jose Almeida (Almeida), without preju-

dice.[1] The motion justice granted the fund's summary-judgment motion because Almeida failed to exhaust his administrative remedies before filing this lawsuit. After ordering both parties to show cause why we should not decide this appeal summarily, we conclude that no cause has been shown and affirm the judgment below.

In 1994, Almeida inquired about his entitlement to pension benefits as a participating member of the union's pension plan. In a written response, the fund's manager explained that Almeida had not yet earned enough credits to qualify for a pension. The manager enclosed a copy of the summary-plan description, which contained information about the application and appeal process. In 1995, Almeida submitted a formal application to the fund for an early retirement pension, but the fund's board of trustees (board) denied his request. The board's 1996 determination letter set forth specific reasons for the denial, but the letter itself did not inform Almeida how he could appeal the board's decision.

Although the pension plan affords unsuccessful applicants sixty days to file an administrative appeal from an adverse determination, Almeida did not seek further review of the board's decision.[2] Instead, in 1996, plaintiff filed a Superior Court complaint against the fund seeking payment of his pension benefits. The defendant responded by filing a motion for summary judgment claiming that Almeida had failed to exhaust his available administrative remedies and therefore was precluded from seeking relief in Superior Court.

After several hearings, a motion justice granted defendant's motion on the sole ground that Almeida failed to exhaust the administrative remedies provided by the plan. The court did not address whether Almeida was entitled to receive any pension benefits or whether any administrative remedies still, in fact, were available to Almeida. Accordingly, the motion justice dismissed the complaint without prejudice, thereby allowing plaintiff the opportunity to file a new action after attempting to exercise and exhaust whatever administrative remedies still may be open to him. The only issue presented on the fund's appeal from this judgment is whether the motion justice erred when he dismissed plaintiff's complaint without prejudice rather than with prejudice.

██ A lower court's "decision to dismiss a case with or without prejudice is reviewed on appeal pursuant to an abuse of discretion and manifest error standard." *Richardson v. O'Neal,* 716 So.2d 26, 28–29 (La.Ct.App. 1998); *Pope v. Ransdell,* 251 Kan. 112, 833 P.2d 965, 971 (Kan.1992); *see also Commonwealth v. Connelly,* 418 Mass. 37, 634 N.E.2d 103, 104 (Mass.1994). Upon review, the decision of a trial justice made in the exercise of his or her "discretionary power should not be

---

1. A judgment dismissing a complaint without prejudice because of the plaintiff's failure to exhaust administrative remedies is an appealable final judgment. *See Kobleur v. Group Hospitalization and Medical Services, Inc.,* 954 F.2d 705, 708 (11th Cir.1992); 15B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3914.32 (1992); *see also Rodrigues v. Rhode Island Department of Education,* 697 A.2d 1077, 1079 (R.I.1997) (affirming the dismissal of the plaintiff's complaint without prejudice for failure to exhaust administrative remedies); *Town of Coventry v. Hickory Ridge Campground, Inc.,* 111 R.I. 716, 725, 306 A.2d 824, 829 (1973) (recognizing that an order of dismissal without prejudice has been considered final for purposes of appeal). Such an appeal is from a "final decree" inasmuch as it has disposed of the present lawsuit, " 'so that if there should be an affirmance here, the court below would have nothing to do but to execute the decree it had already rendered.' " *Coen v. Corr,* 90 R.I. 185, 189, 156 A.2d 406, 408 (1959) (quoting *McAuslan v.*

*McAuslan,* 34 R.I. 462, 469, 83 A. 837, 840 (1912)). *See Pratt v. United States,* 129 F.3d 54, 57–58 (1st Cir.1997) (noting that "[a]ppellate courts routinely exercise jurisdiction over claims dismissed without prejudice when the dismissal contains sufficient indicia of finality").

2. We express no opinion on whether plaintiff still is able to take advantage of any administrative remedies that may have been available to him earlier had he invoked his right to appeal in a timely fashion. If the fund, the board, or any other administrative entity finally had determined that plaintiff was no longer able to take advantage of such remedies because he had failed to pursue them in a timely manner, then the court would have been able to enter a judgment with prejudice after these facts were established to its satisfaction. But here, the court was entitled to allow the administrative agency to pass on this question in the first instance by entering the judgment without prejudice.

disturbed unless it clearly appears that such discretion has been improperly exercised or that there has been an abuse thereof." *Avarista v. Aloisio,* 672 A.2d 887, 891 (R.I. 1996) (quoting *Tate v. Schwartz,* 511 A.2d 971, 974 (R.I.1986)). Applying this deferential standard to the facts and circumstances of the case at bar, we conclude that the motion justice did not abuse his discretion in dismissing plaintiff's complaint without prejudice.

 The general rule is that a plaintiff first must exhaust his administrative remedies before seeking judicial review of an administrative decision. *See Burns v. Sundlun,* 617 A.2d 114, 117 (R.I.1992); *Chase v. Mousseau,* 448 A.2d 1221, 1224 (R.I.1982); *Jacob v. Burke,* 110 R.I. 661, 673, 296 A.2d 456, 463 (1972); *see also Drinkwater v. Metropolitan Life Insurance Co.,* 846 F.2d 821, 825–26 (1st Cir.1988) (requiring claimant to exhaust administrative remedies before bringing ERISA action to recover benefits in federal court). When a plaintiff has failed to do so, the trial court, in its discretion, may dismiss the plaintiff's claims with or without prejudice, depending upon the circumstances. *See Chase,* 448 A.2d at 1224; *Jacob,* 110 R.I. at 674, 296 A.2d at 463. When, as here, it is still possible for a plaintiff to seek administrative relief for the claims he or she is making, dismissal without prejudice is favored.

Requiring the exhaustion of administrative remedies (1) "aids judicial review by allowing the parties and the agency to develop the facts of the case, and (2) 'it promotes judicial economy by avoiding needless repetition of administrative and judicial factfinding, perhaps avoiding the necessity of any judicial involvement.'" *Burns,* 617 A.2d at 117 (quoting Schwartz, *Administrative Law* § 8.33 at 542 (1991)). Although we have recognized exceptions to the exhaustion requirement—for example, when an appeal to an administrative review board would be futile or would destroy the effectiveness of the relief sought, *see Ward v. City of Pawtucket Police Department,* 639 A.2d 1379, 1382–83 (R.I.1994)—such exceptions do not appear to apply here. *See M.B.T. Construction Corp. v. Edwards,* 528 A.2d 336, 337–38 (R.I.1987).

Accordingly, we hold that the motion justice did not abuse his discretion in dismissing this complaint without prejudice. After all, the purpose of the dismissal judgment was to require the plaintiff to exhaust his administrative remedies before seeking judicial review of the merits of his claim. In this case, since the motion justice did not consider the merits of Almeida's claimed entitlement to pension benefits, nor did he determine whether any administrative remedies still were available to Almeida, he did not intend the dismissal judgment to bar the possibility of later judicial review.

For these reasons, the judgment is affirmed, and the defendant's appeal is denied.