STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-98-296
PAF - YOR - 10/13/2000

MARTIN J. BEATRICE,

     Plaintiff

     v.

ORDER REGARDING
ATTORNEY'S FEES

R.A.S. MOTEL CORPORATION,

     Defendant

On September 8, 2000 a jury found that the defendant had wrongfully evicted the plaintiff and that the defendant had wrongfully converted property of the plaintiff. Damages of $20,000 were awarded. The plaintiff has requested that he be awarded ". . . a reasonable amount for attorney's fees." pursuant to 14 M.R.S.A. §6014(2)(B). As with many issues in this hotly contested case both parties, particularly the plaintiff, have submitted extensive materials. Oral argument has also been held.

The initial request from the plaintiff was for attorney's fees totalling nearly $88,000.00, non Rule 54 costs of $2,000, and Rule 54 costs of $1,852.71.

The plaintiff brought a multi-count complaint which eventually resulted in only two counts, wrongful eviction for which attorney's fees can be awarded and conversion for which attorney's fees cannot be awarded, being presented to the jury. While fees should be awarded for time spent on the wrongful eviction and while it is the plaintiff's burden to separate time spent on the two issues, I find that the

issues are so closely related and are "inextricably interwoven." *See* *Withers* *v.* *Hackett*, 1998 Me. 164 ¶12, 714 A.2d 798, 801; *Van Voorhees v. Dodge*, 697 A.2d 1077, 1081-2 (Me. 1996) and *Beaulieu v. Dorsey*, 562 A.2d 678, 679-80 (Me. 1989).

Some amounts should obviously be deducted for the work done on drafting and otherwise working on the counts that were not presented to the jury. Likewise there were some attorney's fees that the plaintiff is no longer seeking. Finally, while the defendant often resisted reasonable requests for discovery and vigorously fought the lawsuit, the plaintiff's submissions were often longer than were necessary. I understand the plaintiff's desire to be comprehensive but many of the submissions were too extensive given the issues and amount of money involved.

The Law Court in *Poussard v. Commercial Credit Plan*, 479 A.2d 881, 4 (Me. 1984) and *Colony Cadillac & Oldsmobile v. Yerdon*, 558 A.2d 364, 368 n. 7 (Me. 1989) listed factors to be considered in setting a fee award. Here the time and labor was considerable but need not have been as extensive as it was. The issues were not novel and, while they involved a lot of detail, were not unusually difficult. The skill required was average for a jury trial. Other work could be undertaken while this case was pursued. The plaintiff's hourly rate is within the range of reasonable and customary fees. The attorney's fees was neither fixed nor contingent. The case did not progress so quickly that additional compensation was warranted because of its rapid pace. The plaintiff received a favorable result in excess of what could be obtained through negotiations. The plaintiff's attorney is experienced, capable and well regarded. There is nothing undesirable about the type of case or the case itself.

2

The relationship between the attorney and client was limited to this set of transactions. Awards in similar cases have apparently been lower but unlike some types of cases, such as federal civil rights actions, the amount of data available on fee awards is limited.

In making an award I will make all of the minor adjustments proposed by the defendant. The award of attorney's fees will be $40,000.00 to reflect the *Poussard* factors, the resistance by the defendant, and the sometimes excessive preparation and presentations of the plaintiff.

The entry is:

> Plaintiff is awarded $40,000.00 in attorney's fees, plus
> $1,852.71 in costs.

Dated:        October 13, 2000

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:
Daniel Warren, Esq.
OAK HILL PROFESSIONAL BUILDING
243 U. S. Route One
Scarborough  Me  04074

DEFENDANT:
Paul Cadigan, Esq.
PO Box 116
Kennebunk Me  04043