March 6, 2026

John D. Majeika et al.          :

                v.                    :

State of Rhode Island et al.     :

NOTICE:   This opinion is subject to formal revision
before publication in the Rhode Island Reporter.  Readers
are requested to notify the Opinion Analyst, Supreme
Court of Rhode Island, 250 Benefit Street, Providence,
Rhode Island 02903, at Telephone (401) 222-3258 or
Email opinionanalyst@courts.ri.gov, of any typographical
or other formal errors in order that corrections may be
made before the opinion is published.

John D. Majeika et al.          :

v.                              :

State of Rhode Island et al.    :

Present: Goldberg, Robinson, Lynch Prata, and Long, JJ.

# O P I N I O N

**Justice Lynch Prata, for the Court.**  The plaintiffs, John D. and Rose Marie

Majeika (the Majeikas) appeal from the Superior Court's dismissal of their action in

favor of the defendants, the State of Rhode Island, James A. Diossa, in his capacity

as Treasurer of the State of Rhode Island, and Terrence Gray, in his capacity as the

Director of the Department of Environmental Management (collectively the state).[1]

This appeal arises from the Majeikas' 2007 application for the construction of an

onsite wastewater treatment system (OWTS) on their undeveloped property in

Westerly, Rhode Island.   The Rhode Island Department of Environmental

---

[1] Although the matters were not consolidated, this matter was heard on the same day as *DiBiccari v. State of Rhode Island*, No. 2023-353-Appeal, which concerned similar issues.  The cases were also heard on the same day before the same trial justice in the Superior Court.

Management (DEM) denied the proposed OWTS on the basis that the groundwater table on the Majeikas' property was less than twelve inches.

The trial justice dismissed the action with prejudice, concluding that the Majeikas' claims were barred by the statute of limitations, that they had failed to exhaust their administrative remedies, and that they lacked standing. The Majeikas timely appealed. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**Facts and Travel**

In 1999 the Majeikas took title to unimproved real property at 12 Harbor Drive in Westerly, Rhode Island. In November 2007, the Majeikas applied to DEM for permission to install an OWTS on their property. The installation of an OWTS was necessary to construct a single-family residence on the lot. Under DEM guidelines, an OWTS application shall be denied when the "variance request is for a depth to groundwater from the original ground surface of less than twelve (12) inches * * *." 250 RICR 150-10-6.52(B)(2)(e)(9). Consequently, DEM denied the Majeikas' permit application on the basis that the groundwater table on the Majeikas' property was five inches. No administrative appeal was filed.

More than a decade later, in 2020, the Majeikas filed an action in the Superior Court seeking a declaratory judgment and compensation for a regulatory taking. They asserted that the DEM regulation prevented them from developing their

property, depriving them of all economically beneficial or productive use of the land. The Majeikas also alleged a violation under the Fifth Amendment to the United States Constitution based on DEM "custom or policy." In response, the state filed a motion for summary judgment on the grounds that the Majeikas' action was barred by the statute of limitations, that they had failed to exhaust administrative remedies, and that the state had not committed a regulatory taking. Before that motion was decided, the Majeikas filed an amended complaint. In their amended complaint, the Majeikas again sought a declaration they had been deprived of all economically beneficial or productive use of their property and requested just compensation. The Majeikas additionally sought a declaration and adjudication pursuant to G.L. 1956 chapter 30 of title 9 and 42 U.S.C. § 1983 that the regulation is unconstitutional as it violates the Equal Protection, Due Process, and Takings Clauses of the United States and Rhode Island Constitutions. The amended complaint also contained a third count seeking injunctive relief, enjoining enforcement of the regulation. In response to the amended complaint, the state filed a motion to dismiss arguing that the claims were barred by the statute of limitations. The Majeikas objected, arguing that, although the three-year statute of limitations under G.L. 1956 § 9-1-14(b) barred count one (as-applied challenge), counts two (facial challenge) and three (injunctive relief) were not time-barred, and the effect of the regulation constituted a continuing violation.

On June 19, 2023, the Superior Court heard arguments on the motion to dismiss. In addition to the statute of limitations issue, the state also asserted, as they had in their earlier motion for summary judgment, that the Majeikas had failed to exhaust administrative remedies and lacked standing, and that the claims could not succeed as a matter of law. Furthermore, the state argued that the Majeikas could not rely upon the futility exception to the exhaustion requirement because, as the Majeikas had stated in their objection, DEM had granted variances for other applicants like the one the Majeikas sought. Additionally, the state asserted that DEM's administrative adjudication division (the AAD) had the power and authority to grant the Majeikas a variance on appeal.

The state also argued that, because the Majeikas conceded that their as-applied challenge was time-barred (count one), they lacked standing to challenge the regulation (count two) or to seek injunctive relief (count three). In response, the Majeikas contended that counts two and three were viable because the regulation was causing them continuing harm, which tolled the statute of limitations. The trial justice granted the state's motion to dismiss count one but reserved on counts two and three.

On September 6, 2023, the matter was heard again, specifically to address whether the continuing violation doctrine applied to the Majeikas' substantive due process or equal protection claims. At the start of the hearing, the Majeikas

conceded that both their as-applied takings claim and facial takings claim were time-barred, and that they were now seeking only declaratory and injunctive relief as to a substantive due process claim, a procedural due process claim, and an equal protection claim. The state argued that the continuing violation theory did not apply to any of the Majeikas' remaining claims, as the denial of a permit constituted a single action and that any harm the Majeikas suffered was the effect of that action. The state further argued that the Majeikas lacked standing because their present alleged injury—that any future variance request would be denied—was not particularized.

In response, the Majeikas argued that the continuing violation doctrine did apply to their claims because the regulation would prevent them from filing a new application in the future. Ultimately, the trial justice held that the Majeikas' substantive due process, procedural due process, and equal protection claims were time-barred and that the facial challenge as to future application of the regulation was unripe. The trial justice concluded that the Majeikas had failed to exhaust their administrative remedies and had not demonstrated that an appeal to the AAD would have been futile.

Thereafter, the trial justice vacated the original dismissal and issued a new bench decision. The trial justice reiterated that the as-applied challenge was time-barred. She also determined that the prospective challenges were both

time-barred and unripe and that, therefore, the Majeikas lacked standing. The trial justice dismissed both claims with prejudice in an order entered on October 10, 2023. The Majeikas filed a timely notice of appeal. This Court later remanded the case for entry of judgment, which occurred on March 14, 2025.

## Standard of Review

"The sole function of a motion to dismiss is to test the sufficiency of the complaint." *Maltais v. Maltais*, 306 A.3d 449, 452 (R.I. 2024) (quoting *Jenkins v. City of East Providence*, 293 A.3d 1267, 1270 (R.I. 2023)). "In passing on a Rule 12(b) dismissal, this Court applies the same standard as the trial justice." *Id.* (quoting *Jenkins*, 293 A.3d at 1270). "We thus are confined to the four corners of the complaint and must assume all allegations are true, resolving any doubts in plaintiff's favor." *Id.* (quoting *Jenkins*, 293 A.3d at 1270).

"Nevertheless, 'allegations that are more in the nature of legal conclusions rather than factual assertions are not necessarily assumed to be true.'" *In re CVS Health Corporation Securities Litigation*, 328 A.3d 614, 621 (R.I. 2025) (quoting *DiLibero v. Mortgage Electronic Registration Systems, Inc.*, 108 A.3d 1013, 1016 (R.I. 2015)). "A motion to dismiss may be granted only 'if it appears beyond a reasonable doubt that a plaintiff would not be entitled to relief under any conceivable set of facts.'" *Narragansett Electric Company v. Minardi*, 21 A.3d 274, 278 (R.I.

- 6 -

2011) (brackets omitted) (quoting *Estate of Sherman v. Almeida*, 747 A.2d 470, 473 (R.I. 2000)).

## Discussion

### Statute of Limitations

The parties agree that a three-year statute of limitations under G.L. 1956 § 9-1-14(b) applies to all claims. However, the Majeikas argue that the inability to construct a single-family residence on their property because of the regulation constitutes a continuing violation, which should toll the statute of limitations. The state contends that DEM's denial of the Majeikas' application was a discrete event and that the resulting inability to use their property is the natural consequence of that event. This Court has rarely applied the continuing violation doctrine and declines to do so in this case.

"Generally, 'a cause of action accrues and the applicable statute of limitations begins to run at the time of the injury to the aggrieved party.'" *Boudreau v. Automatic Temperature Controls, Inc.*, 212 A.3d 594, 600 (R.I. 2019) (quoting *American States Insurance Company v. LaFlam*, 69 A.3d 831, 840 (R.I. 2013)). Under the continuing violation exception, the statute of limitations may be tolled when a plaintiff suffers a continuous or repeated injury. *Id.* at 602. However, "[a] continuing violation is not stated if all that appears from the complaint is that the plaintiff continues to suffer from the ongoing effects of some past act of

discrimination." *Croce v. State, Office of Adjutant General*, 881 A.2d 75, 79 (R.I. 2005) (quoting *Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014, 1018 (1st Cir. 1979)).

In *Preserve at Boulder Hills, LLC v. Kenyon*, 312 A.3d 475 (R.I. 2024), this Court declined to apply the continuing violation doctrine in an analogous scenario. The plaintiffs alleged that various regulatory hurdles and delays that arose while working toward approval of their project with the defendant, the Town of Richmond, "caused and continue[d] to cause [the plaintiffs] substantial harm * * *." *Preserve at Boulder Hills*, 312 A.3d at 485 (emphasis omitted). According to the plaintiffs, the town had purposefully thwarted their development through "regulatory procedure and governance, including taxation, permitting, planning, and zoning." *Id.* Despite the "pattern of conduct" alleged by the plaintiffs, this Court held that "the harm still allegedly present is 'merely continuing consequences of' the separate and distinct acts that plaintiffs allege occurred * * *." *Id.* at 485, 486 (quoting *Boudreau*, 212 A.3d at 603). There, the effects of several zoning issues and delays did not constitute a continuing violation. *Id.* at 478-79, 485.

In the present case, the Majeikas submitted a single variance request. DEM's denial of that request was a single discrete act and cannot reasonably be construed as a continuous or repeated injury. In *Preserve at Boulder Hills*, the plaintiffs were faced with several regulatory hurdles while developing their property and this Court

declined to find that a continuing violation had occurred. *Preserve at Boulder Hills*, 312 A.3d at 485-86. Similarly, the inability of the Majeikas to develop their property is the natural consequence of DEM's denial of their 2008 variance request.[2] Consequently, the Majeikas have failed to plead facts sufficient to establish a continuing violation.

**Standing**

Before this Court, the parties contest whether the Majeikas have exhausted their administrative remedies. However, because the Majeikas' remaining claim asserts a facial challenge to the DEM regulation under the Uniform Declaratory Judgments Act (UDJA), the exhaustion of administrative remedies is not required.

It is well settled that "a plaintiff first must exhaust his administrative remedies before seeking judicial review of an administrative decision." *Almeida v. Plasters' and Cement Masons' Local 40 Pension Fund*, 722 A.2d 257, 259 (R.I. 1998). However, "a party is not precluded from proceeding under the UDJA, particularly

---

[2] At oral argument, the Majeikas relied heavily on *Flynt v. Shimazu*, 940 F.3d 457 (9th Cir. 2019). In *Flynt*, the United States Court of Appeals for the Ninth Circuit held that the continual enforcement of a gambling statute prohibiting the plaintiffs from pursuing new business ventures constituted a continuing violation. *Id.* at 463-64. The court noted that the plaintiffs were actively "precluded from exploring *other* investment opportunities" and faced a realistic threat of future enforcement, thus tolling the statute of limitations. *Id.* *Flynt* is inapposite to the present case. The Majeikas have not sufficiently alleged imminent harm warranting prospective relief. The Majeikas' only alleged injury is the denial of their 2008 application. The supposition that a future application may be denied does not constitute imminent harm.

- 9 -

when 'the complaint seeks a declaration that the challenged ordinance or rule is facially unconstitutional or in excess of statutory powers, or that the agency or board had no jurisdiction.'" *Tucker Estates Charlestown, LLC v. Town of Charlestown*, 964 A.2d 1138, 1140 (R.I. 2009) (quoting *Kingsley v. Miller*, 120 R.I. 372, 374, 388 A.2d 357, 359 (1978)).

The UDJA "vests the Superior Court with the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." *Benson v. McKee*, 273 A.3d 121, 129 (R.I. 2022) (quoting *Key v. Brown University*, 163 A.3d 1162, 1168 (R.I. 2017)). "At the outset, when confronted with a UDJA claim, the inquiry is whether the Superior Court has been presented with an actual case or controversy." *Id.* (quoting *Key*, 163 A.3d at 1168).

The Majeikas contend that they have standing and that the claims are ripe because they suffer an injury each day the regulation remains in place, and that the futility of administrative remedies vitiates the state's arguments as to those principles. The state argues that the Majeikas lack standing to challenge the regulation on its face.

"Standing is a threshold inquiry into whether the party seeking relief is entitled to bring suit." *Narragansett Indian Tribe v. State*, 81 A.3d 1106, 1110 (R.I. 2014). To have standing, a plaintiff must have suffered a concrete, particularized injury. *Warfel v. Town of New Shoreham*, 178 A.3d 988, 991 (R.I. 2018). The injury must

be "actual or imminent, not conjectural or hypothetical." *Id.* (quoting *1112 Charles, L.P. v. Fornel Entertainment, Inc.*, 159 A.3d 619, 625 (R.I. 2017)).

As the trial justice held, the possibility that the Majeikas might submit another variance request in the future and that DEM might deny that request is neither concrete nor particularized. While the Majeikas did suffer a concrete injury in 2008 when their application for an OWTS was denied, they have conceded that the claims arising from that denial are time-barred. The Majeikas have failed to state a concrete or particularized injury, and therefore they lack standing to bring their claims.

## Conclusion

For the reasons set forth herein, we affirm the judgment of the Superior Court. The papers may be remanded thereto.

Chief Justice Suttell did not participate.

- 11 -



## STATE OF RHODE ISLAND

### SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | John D. Majeika et al. v. State of Rhode Island et al. |
| **Case Number** | No. 2023-371-Appeal.<br>(WM 20-222) |
| **Date Opinion Filed** | March 6, 2026 |
| **Justices** | Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Kelly M. Fracassa, Esq.<br>For Defendants:<br><br>Randelle L. Boots, Esq. |